[Cite as *State v. Gonzales*, 2014-Ohio-4289.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** | |
| Plaintiff-Appellee, | : | | |
| - vs - | : | CASE NO. 2013-A-0070 | |
| ROBERTO GONZALES, JR., | : | | |
| Defendant-Appellant. | : | | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2013 CR 356.

Judgment: Affirmed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Michelle M. French,* Law Offices of Michelle M. French, LLC, P.O. Box 293, Jefferson, OH 44047 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}   Appellant, Roberto Gonzales, Jr., appeals the judgment of the Ashtabula County Court of Common Pleas, finding him guilty of trafficking in heroin and possession of heroin and sentencing him following his guilty plea to these offenses. At issue is whether the trial court erred in accepting appellant's guilty plea. For the reasons that follow, we affirm.

{¶2} On June 26, 2013, appellant was charged in a three-count indictment with two counts of trafficking in heroin, in violation of R.C. 2925.03(A)(1)(C)(6)(a), felonies of the fifth degree (Counts One and Two), and possession of heroin, in violation of R.C. 2925.11(A)(C)(6)(b), a felony of the fourth degree, with a forfeiture specification regarding $591 in U.S. currency obtained through the commission of illegal felony drug abuse activity (Count Three). Appellant pled not guilty.

{¶3} On September 9, 2013, appellant withdrew his not guilty plea, and pled guilty to trafficking in heroin, as charged in Count One of the indictment, and possession of heroin with the forfeiture specification, as charged in Count Three.

{¶4} With respect to the charge of trafficking in heroin, the prosecutor stated that on August 7, 2012, appellant sold one-tenth of one gram of heroin to a confidential informant. With respect to the possession-of-heroin charge, the prosecutor stated that on August 15, 2012, appellant was stopped by police and arrested due to the August 7, 2012 trafficking charge and an outstanding post-release control violation. When appellant was searched, he had one gram of heroin and $591 on him. Appellant agreed with the state's recitation of the facts. Further, appellant said that on August 15, 2012, he went to a friend's house and while there, the detective arrived and arrested him. He said he had a bottle containing one gram of heroin because he was selling drugs. He discarded the bottle, and, during a search of the area, the detective found the bottle of drugs in the yard. Appellant said the detective found $591 in his pocket.

{¶5} The court found that appellant knowingly, intelligently, and voluntarily waived his rights; accepted appellant's guilty plea to both counts and the forfeiture specification; found appellant guilty; dismissed Count Two pursuant to the parties' plea bargain; and referred the matter for a pre-sentence report.

{¶6} At sentencing, the court found that appellant has three prior felony convictions. The court sentenced appellant to 12 months in prison for trafficking in heroin and 18 months in prison for possession of heroin, the two terms to be served consecutively to each other. At the same time, the court sentenced appellant to nine months in prison for violating post-release control in a prior case in which appellant was convicted of aggravated robbery in 2007. This sentence was ordered to be served consecutively to the sentence imposed in the instant case.

{¶7} Appellant did not move to withdraw his guilty plea. Instead, he filed a motion for leave to file a delayed appeal, which this court granted. Appellant asserts the following for his sole assignment of error:

{¶8} "The trial court erred to the prejudice of Appellant by entering judgment finding Appellant guilty of Trafficking in Heroin and Possession of Heroin and sentencing Appellant to imprisonment pursuant to a plea of guilty without first addressing Appellant personally and determining that Appellant was making the plea of guilty voluntarily, with understanding of the nature of the charge, in violation of Rule 11(C)(2)(a) of the Ohio Rules of Criminal Procedure, and the Appellant's Rights under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 16 of the Ohio Constitution."

{¶9} Crim.R. 32.1 provides a mechanism by which a criminal defendant may withdraw his guilty plea by motion. However, Ohio courts permit a defendant to appeal his guilty plea as involuntary even when he did not move to withdraw the plea in the trial court. *See e.g. State v. Dietrich*, 3d Dist. Allen No. 1-10-76, 2011-Ohio-4347, ¶18; *State v. Miller*, 8th Dist. Cuyahoga No. 94790, 2011-Ohio-928, ¶17. Because appellant argues on appeal that the trial court did not comply with Crim.R. 11(C) in accepting his

3

plea, he is essentially arguing his guilty plea was not voluntarily entered. Thus, the appeal is properly before us.

{¶10} The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480 (1981). "The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review." *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶26, citing *State v. Stewart*, 51 Ohio St.2d 86 (1977). This standard requires an appellate court to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C). *Id.*

{¶11} Appellant concedes that the trial court properly advised him of his constitutional rights, the effect of his guilty plea, and the nature of the charges before accepting his guilty plea. However, he argues that the trial court erred in accepting his guilty plea because the court did not specifically ask him if he was voluntarily entering his guilty plea.

{¶12} Prior to accepting a guilty plea, the trial court must personally address the defendant and determine that the plea is being made voluntarily with an understanding of the nature of the charges and the maximum penalty (Crim.R. 11(C)(2)(a)); determine that the defendant understands the effect of the plea and that upon acceptance of the plea, the court may proceed with sentence (Crim.R. 11(C)(2)(b)); and determine that the defendant understands his constitutional rights (Crim.R. 11(C)(2)(c)).

{¶13} "While literal compliance with the requirements of Crim.R. 11(C)(2) is the preferred practice, and is in some instances required, 'the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court

4

determines that there was substantial compliance.'" *State v. Brown*, 11th Dist. Geauga No. 2003-G-2504, 2004-Ohio-1843 ¶11, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990), citing *Stewart*, *supra*, at 92. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Stewart, supra*. Further, a defendant who challenges his guilty plea on the basis that it was not voluntarily made must show he was prejudiced by the alleged error. *Id.* at 93. The test is whether the plea would have otherwise been made. *Id*.

{¶14} "'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily.'" *State v. McKenna*, 11th Dist. Trumbull No. 2009-T-0034, 2009-Ohio-6154, ¶51, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "In order for a plea to be knowingly, intelligently, and voluntarily entered, a defendant must be 'informed in a reasonable manner at the time of entering his guilty plea of his rights to a [1.] trial by jury and to [2.] confront his accusers, and his [3.] privilege against self-incrimination, and his [4.] right of compulsory process for obtaining witnesses in his behalf.'" *McKenna, supra*, quoting *State v. Ballard*, 66 Ohio St.2d 473, 478 (1981).

{¶15} "'Generally, a guilty plea is deemed to have been entered knowingly and voluntarily if the record demonstrates that the trial court advised a defendant of (1) the nature of the charge and the maximum penalty involved, (2) the effect of entering a plea to the charge, and (3) that the defendant will be waiving certain constitutional rights by entering his plea.'" *State v. Strong*, 11th Dist. Ashtabula No. 2013-A-0003, 2013-Ohio-5189, ¶17, quoting *State v. Madeline*, 11th Dist. Trumbull No. 2000-T-0156, 2002 Ohio

5

App. LEXIS 1348, *11 (Mar. 22, 2002). Where the record shows the trial court complied with these requirements, appellant's guilty plea is entered voluntarily. *Id.*

{¶16} The record reveals that, prior to accepting appellant's guilty plea, the trial court conducted a thorough Crim.R. 11 colloquy. Pertinent to our analysis, first, the trial court advised appellant of the nature of the charges and the maximum penalty involved. The court read to appellant both counts of the indictment to which he intended to plead guilty. The court advised appellant that trafficking in heroin is a fifth degree felony with a potential maximum prison term of 12 months and that possession of heroin as charged is a felony of the fourth degree with a potential maximum prison term of 18 months. The court also advised appellant that the forfeiture specification involved $591. The court advised appellant that he could be sentenced concurrently or consecutively, and that if he was sentenced consecutively to the maximum terms under both counts, he would serve a total of 30 months in prison for these offenses.

{¶17} Second, the court advised appellant of the effect of entering a guilty plea. To satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B). *State v. Giovanni*, 7th Dist. Mahoning No. 07 MA 60, 2008-Ohio-2924, ¶45. Thus, before accepting a guilty plea, the court is required to inform the defendant that a plea of guilty is a complete admission of guilt and that when the plea is accepted, the court shall proceed with sentencing. *Id.* Here, the court advised appellant that a guilty plea is a complete admission of his guilt. The court also advised appellant that once his guilty plea was accepted, he could be sentenced at any time, but that upon agreement of the parties, upon entering his guilty plea, the court would refer the matter for a pre-sentence report. Further, in the written plea, appellant stated he knew the court could sentence

6

him immediately following his guilty plea or refer the matter for a pre-sentence report. Moreover, appellant voluntarily entered his plea.

{¶18} Third, the court advised appellant that by pleading guilty, he would be waiving his right to a trial by jury, his privilege against self-incrimination, his right to have the state prove the charges against him beyond a reasonable doubt, the right to confront and cross-examine the state's witnesses against him, and the right of compulsory process to obtain witnesses in his behalf. Appellant said he understood these rights and waived them. Further, in his written guilty plea, appellant stated he understood that by pleading guilty he waives each of the foregoing rights, which were listed on the written plea.

{¶19} As a result, the record shows the trial court advised appellant of (1) the nature of the charges and the maximum penalty involved, (2) the effect of entering a plea to the charge, and (3) that appellant would be waiving the foregoing constitutional rights by entering his plea. For this reason alone, the record shows that appellant voluntarily entered his guilty plea. *Strong, supra*.

{¶20} Moreover, after the prosecutor provided the court with the factual basis for both counts of the indictment to which appellant was pleading guilty, the court asked appellant if he "still wanted" to plead guilty and, with respect to both counts, appellant said, "yes." Further, appellant's written guilty plea states: "I am voluntarily pleading 'Guilty' of my own free will. * * * I am not under the influence of drugs or alcohol * * * . No threats have been made to me. No promises other than those which are part of this plea agreement have been made." In addition, prior to accepting appellant's guilty plea, the trial court stated on the record that appellant had been informed of all of his

7

constitutional rights and that appellant made a knowing, intelligent, and voluntary waiver of those rights.

{¶21} By asking appellant if he *wanted* to plead guilty, the trial court essentially asked him if he was making his plea voluntarily. Thus, at a minimum, the court substantially complied with the requirement of Crim.R. 11(C)(2)(a) that the court determine that the defendant is making the plea voluntarily.

{¶22} We therefore hold that the trial court did not err in accepting appellant's guilty plea.

{¶23} For the reasons stated in the opinion of this court, appellant's assignment of error lacks merit and is overruled. It is the order and judgment of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.