[Cite as *State v. Bibbs*, 2016-Ohio-8396.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

CASE NO. 5-16-11

    v.

KEVIN E. BIBBS, SR.,

O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2015-CR-00243

Judgment Affirmed

Date of Decision:  December 27, 2016

APPEARANCES:

    *William T. Cramer* for Appellant

    *Alex K. Treece* for Appellee

**WILLAMOWSKI, J.**

{**¶1**} Defendant-appellant Kevin Bibbs ("Bibbs") brings this appeal from the judgment of the Court of Common Pleas of Hancock County. Bibbs alleges that the trial court erred by 1) permitting a witness to read a prior written statement by the witness and 2) admitting that statement as evidence. Bibbs also claims that he was denied the effective assistance of counsel. For the reasons set forth below, the judgment is affirmed.

{**¶2**} On September 12, 2015, Bibbs and his wife, Brenda Bibbs ("Brenda"), began arguing. Tr. 168. Brenda then turned away from Bibbs and he grabbed her on the neck to keep her from walking away. Tr. 170-72. Brenda then pulled away from Bibbs, which caused him to grab her again, this time by the face. Tr. 172-73. Brenda then went into a different room and called the police because she was scared of Bibbs. Tr. 174. Soon after the call, the police arrived on the scene. Tr. 177. Brenda told the police what had happened and provided a written statement to the police at that time. Tr. 210 and Ex. 7. Bibbs was then arrested and taken to the police station. Tr. 224.

{**¶3**} On September 22, 2015, the Hancock County Grand Jury indicted Bibbs on one count of Domestic Violence with a previous conviction in violation of R.C. 2919.25(A), a felony of the third degree. Doc. 1. A jury trial was held on January 25, 2016. Doc. 67. During Brenda's testimony, the prosecutor had her read her prior written statement which she had provided to the police. Tr. 181. This

statement was then admitted as an exhibit. Tr. 226. After deliberation, the jury returned a verdict of guilty. Doc. 29. A sentencing hearing was held on March 30, 2016. Doc. 45. The trial court imposed a prison sentence of twenty-four months. *Id*. Bibbs then filed a timely notice of appeal. Doc. 63. On appeal, Bibbs raises the following assignments of error.

## First Assignment of Error

**The trial court erred by permitting the State's primary witness to read aloud to the jury a prior written statement to the police and to admit the written statement into evidence.**

## Second Assignment of Error

**[Bibbs] was denied the effective assistance of counsel when trial counsel failed to object to the admission of a prior statement by the State's primary witness.**

*Prior Consistent Statement*

{¶4} In the first assignment of error, Bibbs claims that the trial court erred by allowing Brenda to read her prior written statement and then to allow the admission of that statement into evidence. Bibbs admits that no objection was made to either the reading of the statement or to the admission of the statement. Thus, this court must review this assignment of error under a plain error standard.

> **Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." To prevail under the plain-error standard, a defendant must show that an error occurred, that it was obvious, and that it affected his substantial rights. * * * We take "[n]otice of plain error * * * with the utmost caution, under**

**exceptional circumstances, and only to prevent a manifest miscarriage of justice."**

*State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 62 (citations omitted).

**{¶5}** "Hearsay" is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). However, a prior written statement may not be classified as hearsay if it meets certain requirements.

> **Prior statement by witness. The declarant testifies at trial or hearing and is subject to cross-examination concerning the statement, and the statement is (a) inconsistent with declarant's testimony, and was given under oath subject to cross-examination by the party against whom the statement is offered and subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (b) consistent with declarant's testimony and is offered to rebut an express or implied charge against declarant of recent fabrication or improper influence or motion, or (c) one of identification of a person soon after perceiving the person, if the circumstances demonstrate the reliability of the prior identification.**

Evid.R. 801(D)(1).

**{¶6}** In this case, the statement in question was admitted during the direct examination of Brenda. Before she read the statement, Brenda testified that the night of the incident, Bibbs was angry off and on. Tr. 167. The two of them were arguing about Bibbs being "on his phone and not accomplishing anything, and staying up all hours of the night and where [she] can't get [her] rest." Tr. 168. At some point in the argument, she turned to leave, and Bibbs grabbed her on the neck.

-4-

Tr. 172. Brenda pulled away and Bibbs reached out grabbing her by the face this time. Tr. 172-73. When Brenda pulled away again, she went into the back room, shut the door, and called the police. Tr. 173-74. Brenda then identified Exhibits 1-5 as being photographs of her injuries. Tr. 170-76. Brenda also identified Exhibit 6 as a recording of the 911 call, which was played for the jury. Tr. 178. The following shows the context in which the statement was admitted.

> **Q. Okay. Are you on any medications that you shouldn't be drinking on?**
>
> **A. Yes.**
>
> **Q. I don't need to know that. I just had that question. Now you indicated to the 911 operator that you didn't want an ambulance. Did you think you needed an ambulance that night?**
>
> **A. No.**
>
> **Q. Okay. Why was that?**
>
> **A. Because I knew he wouldn't go to get back there to get me again.**
>
> **Q. Okay. Did you provide a written statement to the investigating officer?**
>
> **A. Yes, I did. Yes, I did.**
>
> **(Thereupon, State's Exhibit 7 was marked for identification.)**
>
> **Q. This is the last set of questions I have. Do you recognize this document?**
>
> **A. Oh, yes, I wrote this.**
>
> **Q. Okay. Is that a copy of your written statement?**

**A. Yes.**

**Q. Okay. When did you write that?**

**A. The night it happened, the morning that it happened.**

**Q. Were the officers still there when you wrote it?**

**A. Yes.**

**Q. Okay. Could you read what you wrote?**

**A. Yes. "Fighting, arguing, Kevin came up, come in and out, he grabbed left side of face, then grabbed my left side of neck, said bitch, called the cops. Bitch, you're going down to [sic], bitch, I'll kill you you're mine. Brenda Bibbs."**

**Q. Okay. Now, you didn't say that in your testimony that he said, Kevin said, bitch call the cops, but you're going down too, bitch, I'll kill you, you're mine. Did he say those things that night?**

**A. Yes.**

**Q. Okay. Thank you, I have no further questions.**

Tr. 180-82. The statement was later admitted without objection. Tr. 226.

{¶7} The prior statement to the police was not inconsistent with Brenda's testimony, was not given under oath, and was not offered by Bibbs. Thus, the exception set forth in Evidence Rule 801(D)(1)(a) is not applicable. The statement was also not used for the purposes of identification, as the defendant was the husband of the victim, so she knew his identity. Thus, the exception set forth in Evidence Rule 801(D)(1)(c) also did not apply. The only possible exception would be that provided by Evidence Rules 801(D)(1)(b).

{¶8} The statement in this case was consistent with Brenda's trial testimony, but the statement was read to the jury during direct examination. No challenge, either express or implied, to the credibility of the witness indicating that she had recently fabricated her statement or was doing so for an improper purpose had been made. Brenda was not mentioned by Bibbs in the opening statement, she was the first witness, and she had not been subject to cross-examination. Even on cross-examination, no claim was made that she had fabricated her testimony or made it for any improper purpose. The staff notes to 801(D)(1)(b) indicate that the use of the prior statement is to rehabilitate the witness whose credibility has been challenged. *See also*, *State v. English,* 12th Dist. Butler No. CA2013-03-048, 2014-Ohio-441 (holding that it was error to admit prior consistent statement when credibility of witness had not been challenged, but that the error was harmless due to lack of objections); *State v. Owens*, 6th Dist. Lucas No. L-11-1207, 2013-Ohio-325 (holding that although admission of prior consistent statement not used to rebut previous claim of fabrication or improper influence was erroneous, it did not amount to plain error when there was other evidence to support the conviction); and *State v. Hall,* 8th Dist. Cuyahoga No. 96680, 2012-Ohio-266 (holding that Ohio Evid.R. 801(D)(1)(b) allows the admission of a prior consistent statement only if it is offered to rebut an express or implied charge against the declarant of fabrication or improper purpose). As no challenge to the credibility existed, the State was not using the

prior consistent statement to rehabilitate the witness and the exception to the hearsay rule set forth in Evidence Rule 801(D)(1)(b) does not apply.

{¶9} Both Bibbs and the State argue on appeal that the statement was used to refresh memory, though Bibbs argues it was an improper usage. Bibbs claims that the State attempted to use the statement pursuant to Evidence Rule 612. This rule allows the use of a writing to refresh the memory of a witness for the purpose of testifying either while testifying or before testifying. This rule does not apply because there was no indication in the record that the witness' memory needed refreshed. There were no questions asked to which the witness indicated she did not recall which could be answered by the statement. Thus it was not used to refresh her memory. Even if it had been used to refresh her memory, the State still would not have been permitted under Evidence Rule 612 to admit the statement. The rule only allows for the admission of the writing by the adverse party. Evid.R. 612 and *State v. Sanders*, 130 Ohio App.3d 789, 797, 721 N.E.2d 433 (11th Dist. 1998).

{¶10} The State argues that it could have the statement admitted pursuant to the hearsay exception set forth in Evidence Rule 803(5).

> **A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown by the testimony of the witness to have been made or adopted when the matter was fresh in his memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.**

Evid.R. 803(5). As discussed above, there was no foundation laid in the record to indicate that Brenda's memory was insufficient in any manner which would implicate the usage of Evidence Rule 803(5). If the State had shown that Brenda could not remember, even after she had attempted to refresh her memory, she could then have read the statement into the record. *See* Staff Notes to Evid.R. 803(5). However, the statement still could not have been admitted as an exhibit by the request of the State pursuant to this rule. Therefore, the trial court erred in allowing the reading of the statement and in admitting it as an exhibit.

{¶11} Although there was an error, our analysis cannot stop there. As there was no objection to either the reading of the statement or the admission of the statement as an exhibit, this court must determine whether the error was prejudicial and arose to the level of plain error. "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." *State v. Davis*, 127 Ohio St.3d 268, 2010-Ohio-5706, 939 N.E.2d 147, ¶ 24.

{¶12} In this case, Bibbs was charged with domestic violence, which involves causing physical harm to a family member. R.C. 2919.25(A). Physical harm is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). Brenda testified that Bibbs was her husband and that on the night in question he had grabbed her in a manner that caused marks on the skin and pain. Officer Brooks Deidrick ("Deidrick") responded to the 911 call and indicated that he took photographs of Brenda's injuries. Tr. 214.

Deidrick testified that Exhibit 5 specifically showed the injury to Brenda's neck. Tr. 215. Deidrick then testified that Exhibit 4 specifically showed injury to Brenda's left cheek. Tr. 216. The testimony of these witnesses supports the conviction even without consideration of the admission of the prior consistent statement. Therefore, the outcome of the trial would not have clearly been different without the error. The error does not rise to the level of plain error and the first assignment of error is overruled.

*Ineffective Assistance of Counsel*

{¶13} In the second assignment of error, Bibbs claims that his counsel was ineffective for failing to object to the reading of the prior consistent statement and for failing to object to the admission of the statement as an exhibit.

> **In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State v. Hester* (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus. When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." *State v. Lytle* (1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.**
>
> **On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. *See Vaughn v. Maxwell* (1965), 2 Ohio**

**St.2d 299, 31 O.O.2d 567, 209 N.E.2d 164;** *State v. Jackson*, **64 Ohio St.2d at 110–111, 18 O.O.3d at 351, 413 N.E.2d at 822.**

*State v. Calhoun*, 86 Ohio St.3d 279, 289, 1999-Ohio-102, 714 N.E.2d 905. "The failure to prove either 1) a substantial violation or 2) prejudice caused by the violation makes it unnecessary for a court to consider the other prong of the test." *State v. Walker*, 3d Dist. Seneca No. 13-15-42, 2016-Ohio-3499, ¶ 20. "To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Conway,* 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95.

{¶14} As discussed above, an error occurred when Brenda was allowed to read the statement without first showing that it was admissible and then in allowing the statement to be admitted as an exhibit. However, "[i]n order to demonstrate prejudice, the defendant must prove a reasonable probability that the result of the trial would have been different but for his or her counsel's errors." *State v. Ranes*, 3d Dist. Putnam No. 12-15-03, 2016-Ohio-448, ¶ 14 (holding that counsel was not ineffective when there was no showing of prejudice). Without the statement, the evidence is such that it would not indicate a reasonable probability that the outcome of the trial would have been different. The failure to show prejudice prohibits Bibbs from prevailing on his ineffective assistance of counsel claim. The second assignment of error is overruled.

{¶15} Having found no prejudicial error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Hancock County is affirmed.

***Judgment Affirmed***

**SHAW, P.J. and PRESTON, J., concur.**

**/hls**