[Cite as *State v. Campbell*, 2019-Ohio-1846.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-L-115** |
| DEANGELO D. CAMPBELL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 2018 CR 000055.

Judgment: Affirmed; remanded.


*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Robert Dewayne Campbell*, 2000 East 4th Street, Suite 310, Cleveland, OH 44115 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Deangelo D. Campbell, appeals from the judgment entry of sentence issued by the Lake County Court of Common Pleas on September 28, 2018, sentencing him to 34 months in prison following a guilty plea. At issue on appeal is whether the trial court failed to ensure appellant understood that, by pleading guilty, he was waiving the constitutional rights specified in Crim.R. 11(C)(2)(c). The judgment is affirmed, and the matter is remanded for a nunc pro tunc sentencing entry.

{¶2} The Lake County Grand Jury returned a seven-count indictment against appellant on April 13, 2018. The indictment alleged felony charges of trafficking and possession of cocaine, possession of heroin, and possessing criminal tools, each with two forfeiture specifications; one misdemeanor charge of illegal use or possession of drug paraphernalia; and two minor misdemeanor charges for operating a motor vehicle without reasonable control and without a valid license.

{¶3} Appellant entered into a negotiated plea agreement with appellee, the state of Ohio, and a plea hearing was held August 8, 2018. Appellant pled guilty to two fifth-degree felonies: possession of cocaine, in violation of R.C. 2925.11, and possessing criminal tools, in violation of R.C. 2923.24. Both counts carried two forfeiture specifications pursuant to R.C. 2941.1417 and R.C. 2981.04. The state agreed to nolle the remaining counts of the indictment. The trial court accepted appellant's guilty plea, and sentencing was deferred for a presentence investigation and report.

{¶4} On September 26, 2018, the trial court sentenced appellant to 11 months in prison on each count, to run consecutively, for a total of 22 months. Appellant was additionally sentenced to 12 months in prison for violating parole, which was ordered to run consecutively to the 22 month sentence, for a total term of 34 months in prison.

{¶5} Appellant noticed an appeal from the trial court's subsequent September 28, 2018 sentencing entry and asserts one assignment of error:

{¶6} "The trial court committed reversible error in accepting appellant's plea without inquiring as to whether appellant understood that by making the plea he was waiving certain constitutional rights as set forth in Crim.R. 11(C)(2)(c)."

2

{¶7} Appellate review of a trial court's compliance with Crim.R. 11(C) is de novo. *State v. Gonzales*, 11th Dist. Ashtabula No. 2013-A-0070, 2014-Ohio-4289, ¶10, citing *State v. Stewart*, 51 Ohio St.2d 86 (1977).

{¶8} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996), citing *Boykin v. Alabama*, 395 U.S. 238 (1969). "Criminal Rule 11 was adopted to ensure that certain information necessary for entering a knowing, intelligent, and voluntary plea would be conveyed to a defendant." *State v. Gensert*, 11th Dist. Trumbull No. 2015-T-0084, 2016-Ohio-1163, ¶9 (citations omitted).

{¶9} "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶8. Crim.R. 11(C)(2) provides:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to

3

jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶10} These provisions must "be scrupulously and literally heeded." *State v. Caudill*, 48 Ohio St.2d 342, 346 (1976). With respect to the constitutional rights listed in Crim.R. 11(C)(2)(c), this means a trial court must "*strictly comply*" with the rule. *Veney, supra*, at syllabus (emphasis added). Prior to accepting a guilty plea, the trial court must "orally advise" the defendant of these constitutional rights and inform the defendant that he or she is waiving those rights by entering the plea, and it must do so "'in a manner reasonably intelligible to that defendant.'" *Id.* at syllabus and ¶26-27, quoting *State v. Ballard*, 66 Ohio St.2d 473 (1981). "When the record confirms that the trial court failed to perform this duty, the defendant's plea is constitutionally infirm, making it presumptively invalid." *Id.* at ¶29, citing *Ballard, supra*, at 481, and *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶12.

{¶11} The preferred method of "strict compliance" is for the trial court to utilize the language provided in Crim.R. 11(C)(2)(c). *Id.* at ¶18. However, "'"failure to [literally comply] will not necessarily invalidate a plea. The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty."'" *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, ¶15, quoting *Veney, supra*, at ¶18, quoting *Ballard, supra*, at 479-480.

{¶12} "Although the trial court may vary slightly from the literal wording of the rule in the colloquy, the court cannot simply rely on other sources to convey these rights to

4

the defendant. 'We cannot presume a waiver of these * * * important federal rights from a silent record.'" *Veney*, *supra*, at ¶29, quoting *Boykin*, *supra*, at 243. Thus, when a trial court omits *any* discussion of a constitutional right in the oral colloquy, a reviewing court is not permitted to consider additional record evidence to determine whether a trial court complied with its constitutional mandate. *Barker*, *supra*, at ¶25. On the other hand, when a trial court addresses each constitutional right in the oral colloquy, "[a]n alleged ambiguity during a Crim.R. 11 oral plea colloquy *may* be clarified by reference to other portions of the record, including the written plea." *Id.* at paragraph two of the syllabus (emphasis added). *See also State v. Perkins*, 11th Dist. Trumbull No. 2018-T-0012, 2018-Ohio-5335, ¶7-8, citing *Veney*, *supra*, at ¶29.

{¶13} Appellant argues the trial court erred by (1) failing to advise him of his constitutional right to require the state to prove his guilt beyond a reasonable doubt and (2) failing to inform him and determine he understood that he was waiving his constitutional rights by pleading guilty. The state responds that the trial court strictly complied with Crim.R. 11(C)(2)(c). The state's position is incorrect, as ambiguity exists in the language used by the trial court. The state fails to argue the ultimate issue in this appeal, i.e., whether the trial court's failure to strictly comply with the language of the statute invalidated appellant's plea. *See Barker*, *supra*, at II.B ("*Consequences of failure to strictly comply with Crim.R. 11(C)(2)(c)*").

{¶14} The trial court began the plea colloquy with appellant by stating the following:

> Now before accepting your guilty plea I need to determine that you know and understand the rights that you'll be giving up, the consequences of your guilty plea and the maximum penalty that could be imposed on you and I need to be satisfied that your guilty

5

plea's being entered freely, knowingly and voluntarily so I'm going to ask you some questions. * * *

{¶15} Appellant then answered "yes" to each of the following questions or statements put to him by the trial court:

Do you understand you have a right to have a trial either to me as the judge or to a jury of twelve Lake County citizens; do you understand that?

Do you understand that if you have a jury trial all twelve members on that jury must unanimously agree to a verdict of guilty before you can be found guilty?

Do you understand by pleading guilty today you're waiving your right to a jury trial?

Now in order to prove you're guilty of these charges beyond a reasonable doubt at trial the prosecutor's going to call witnesses to testify against you.

After those witnesses are done testifying for the prosecutor [defense counsel] will have a chance to cross-examine those witnesses to get out any information he thinks is helpful to your case; do you understand that?

You have the right at a trial to bring witnesses to court to testify for you if you want. If those witnesses refuse to come to court I can issue an order called a subpoena which would force them to come here and testify; do you understand that?

You have the right to testify at trial if you want to. You have the right not to testify if you don't want to. That decision is completely up to you. That means nobody could force you to testify at trial; do you understand that?

If you decided not to testify at trial your silence could not be used against you and nobody could say anything about your silence at trial; do you understand that?

Do you understand if you went to trial and were found guilty you'd have the right to appeal the guilty finding?

6

If you were found guilty and wanted to appeal you'd have the right to be represented by a lawyer. If you couldn't afford one, one would be appointed at no cost to you; do you understand that?

Do you also understand if you could not afford a transcript it would be given to you free of charge?

If you plead guilty you won't have the right to appeal the guilty finding; do you understand that?

{¶16} The trial court did not use the exact, or literal, language of the statute, which is not necessarily fatal to appellant's plea. We do not, however, have before us a "silent record"—although the discussion is somewhat ambiguous, the trial court did not completely omit a substantive advisement of any of appellant's constitutional rights. Thus, we are permitted in our review to consider additional record evidence.

{¶17} Appellant's written plea of guilty contains a clear, unequivocal explanation of his constitutional rights and a clear, unambiguous statement that appellant waived and rejected those rights by pleading guilty. As noted above, before reciting the relevant constitutional rights, the trial court advised that it needed to determine appellant knew and understood "the rights that you'll be giving up." The trial court, in open court, took considerable time to make sure appellant understood the written plea before he signed it. Then, in the presence of appellant, the trial court announced that appellant had waived his rights. This is reflected in the transcript of the plea hearing:

> [DEFENSE COUNSEL]: * * * Prior to the hearing I did review the written plea of guilty with Mr. Campbell, he indicated that he understood it and that he intended to sign it.
>
> THE COURT: All right. Mr. Campbell, did you have a chance to review that written plea of guilty before I came in court?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand everything in the document?

7

THE DEFENDANT: Yes.

THE COURT: Do you have questions about anything?

THE DEFENDANT: No.

THE COURT: Do you understand if you sign it you're asking me to accept your guilty plea and I will accept it and find you guilty of these charges; do you understand that?

THE DEFENDANT: Yes.

* * *

THE COURT: All right. Mr. Campbell, is that your signature on this written plea of guilty?

THE DEFENDANT: Yes.

THE COURT: Did you sign it voluntarily?

THE DEFENDANT: Yes.

THE COURT: Do you want me to accept your guilty plea?

THE DEFENDANT: Yes.

THE COURT: All right. I'll accept the guilty plea. The defendant was present in open Court with his attorney [ ]. He was advised of all of his constitutional rights. He's made a knowing, intelligent, voluntary waiver of those rights. The defendant understands the nature of the charge, the consequences of his guilty plea and the maximum penalty that could be imposed.

{¶18} We note that appellant's challenge to the validity of his plea has come without any request before the trial court to withdraw his plea. If there was some prejudicial infirmity with regard to the knowing, intelligent, or voluntary nature of the plea, appellant had every opportunity to request the trial court to allow him to withdraw his plea and explain the nature of the prejudice.

8

**{¶19}** We conclude that the trial court's failure to strictly comply with Crim.R. 11(C)(2)(c) did not invalidate appellant's guilty plea. Appellant entered a knowing, voluntary, and intelligent plea of guilty.

**{¶20}** Appellant's sole assignment of error is without merit.

**{¶21}** Although not brought to our attention on appeal, this court notes, sua sponte, that the September 28, 2018 sentencing entry contains a plain error that may be corrected by the trial court, nunc pro tunc. *See* Crim.R. 52(B) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.").

**{¶22}** Pursuant to R.C. 2929.14(C)(4), the trial court must find that consecutive service "is necessary to protect the public from future crime or to punish the offender." The trial court must also find that consecutive sentences "are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* The trial court must further find that at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

9

{¶23} A trial court's failure to make the R.C. 2929.14(C)(4) findings at the sentencing hearing renders the sentence contrary to law, "requiring the vacation of the sentence and a remand to the trial court for resentencing." *State v. Aikens*, 11th Dist. Trumbull No. 2014-T-0124, 2016-Ohio-2795, ¶61, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶37. However, "a trial court's failure to incorporate the findings required by R.C. 2929.14(C) in the sentencing entry after making those findings at the sentencing hearing does not render the sentence contrary to law" and may be corrected via a nunc pro tunc entry. *Id.*, citing *Bonnell*, *supra*, at ¶30.

{¶24} The record reflects the trial court made the requisite findings at the sentencing hearing, stating:

> Those sentences are to be served consecutive and they are necessary to protect the public from future crime by you and to punish you and these sentences are not, based in everything I've already talked about, disproportionate to the seriousness of your conduct and the danger that you pose to the public because you are a drug dealer and your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by you.

{¶25} The trial court, however, failed to incorporate the finding under R.C. 2929.14(C)(4)(c) in its sentencing entry, merely writing: "the Court finds for the reasons stated on the record that consecutive sentences are necessary to protect the public from future crime and to punish the Defendant and are not disproportionate to the Defendant's conduct and the danger the Defendant poses to the public." The fact that it is appellant's *criminal history* that demonstrates consecutive sentences are necessary to protect the public is the portion that was omitted from the entry.

{¶26} Therefore, we remand this matter for the trial court to issue a nunc pro tunc sentencing entry, incorporating the R.C. 2929.14(C)(4)(c) finding that was made at the

sentencing hearing. *See, e.g., State v. Olp*, 11th Dist. Ashtabula Nos. 2015-A-0033 & 2015-A-0034, 2016-Ohio-3508, ¶19; *State v. Stewart*, 11th Dist. Trumbull No. 2017-T-0063, 2018-Ohio-1678, ¶16-24; *State v. Bell*, 8th Dist. Cuyahoga No. 106842, 2019-Ohio-340, ¶108-112.

{¶27} The judgment of the Lake County Court of Common Pleas is hereby affirmed. The matter is remanded for the trial court to enter a nunc pro tunc sentencing entry consistent with this opinion.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

11