[Cite as *State v. Milite*, 2020-Ohio-5384.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-L-061** |
| NICHOLE MILITE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2019 CR 001290.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel* and *Rachael E. Wood,* Assistant Prosecutors, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Christopher J. Boeman,* P.O. Box 583, Willoughby, OH 44096 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Nichole Milite, appeals the March 17, 2020 judgment of the Lake County Court of Common Pleas, sentencing her to community control and 192 days in jail, among other sanctions, following her plea of guilty to two counts of Aggravated Possession of Drugs. For the reasons discussed herein, the judgment of the trial court is affirmed.

{¶2}     Ms. Milite was indicted on one count Illegal Conveyance of Drugs of Abuse Onto the Grounds of a Specified Government Facility, in violation of R.C. 2921.36(A)(2), a felony of the third degree, and two counts of Aggravated Possession of Drugs, in violation of R.C. 2925.11, felonies of the fifth degree; all three counts included a forfeiture specification.  Ms. Milite waived her right to be present at her arraignment and pleas of "not guilty" were entered on her behalf.

{¶3}     At the pre-trial hearing, on January 16, 2020, the state made a plea offer and a "tentative change of plea hearing" was set.  In the meantime, Ms. Milite, through counsel, filed a motion to suppress evidence and a hearing was set for February 20, 2020.  At the change of plea hearing, Ms. Milite pleaded guilty to two counts Aggravated Possession of Drugs with a forfeiture specification.  After sentencing, the court briefly went off the record, then returned to the record to ask Ms. Milite, through counsel, if she was withdrawing the motion to suppress.  Counsel replied in the affirmative and the hearing was adjourned.

{¶4}     The sentencing hearing was held in March 2020.  The state recommended community-control sanctions, and the remaining count was dismissed.  The court sentenced Ms. Milite to two concurrent two-year terms of community control, 192 days in Lake County Jail, with 102 days of jail time credit, and to enter and complete a drug rehabilitation program, among other requirements.

{¶5}     Ms. Milite now appeals, assigning two errors for our review, which are interrelated and will be addressed together.  They state:

{¶6}     [1.] Ms. Milite's plea was not made knowingly, intelligently, and voluntarily because she did not understand at the time of her plea that if she was granted community control she could still be sentenced to a period of incarceration in the Lake County Jail.

2

{¶7} [2.] Ms. Milite's plea was not made knowingly, intelligently, and voluntarily because she did not understand at the time of her plea that with her plea of guilty the Trial Court would not be ruling on her Motion to Suppress.

{¶8} The state asserts that because Ms. Milite did not move to withdraw her guilty plea in the lower court, she is precluded from making these arguments for the first time on appeal. "However, Ohio courts permit a defendant to appeal his guilty plea as involuntary even when he did not move to withdraw the plea in the trial court." *State v. Gonzales*, 11th Dist. Ashtabula No. 2013-A-0070, 2014-Ohio-4289, ¶9, citing *State v. Dietrich*, 3d Dist. Allen No. 1-10-76, 2011-Ohio-4347, ¶18; *State v. Miller*, 8th Dist. Cuyahoga No. 94790, 2011-Ohio-928, ¶17. Therefore, appellant review of this case is appropriate.

{¶9} "'An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily conducts a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards.'" *State v. Hull*, 11th Dist. Lake No. 2016-L-035, 2017-Ohio-157, ¶45, quoting *State v. Shifflet,* 4th Dist. Athens No. 13CA23, 2015-Ohio-4250.

{¶10} Ms. Milite first argues her guilty plea was not knowingly, intelligently, and voluntarily made because she did not know the trial court could sentence her to local jail time as part of her community control sentence. However, it is apparent from the record that Ms. Milite was aware the court could sentence her to prison, jail, or community control, and that the court did not have to abide by the recommendation of the prosecution or her attorney for community control:

{¶11} THE COURT: Do you understand that by pleaded guilty to a felony offense you are voluntarily giving up your freedom for whatever period of time under the law that I sentence you to prison, jail, or community control?

3

{¶12} MS. MILITE: Yes, Your Honor.

{¶13} * * *

{¶14} THE COURT: The crime of aggravated possession of drugs is a felony of the fifth degree and carries a maximum prison term of twelve months and a maximum fine of $2500; do you understand that?

{¶15} MS. MILITE: Yes, Your Honor.

{¶16} * * *

{¶17} THE COURT: Do you understand that I do not have to follow the recommendation of the prosecutor, your attorney, or even a joint recommendation between the prosecutor and your attorney at the time of your sentencing?

{¶18} MS. MILITE: Yes, I understand that.

{¶19} While the court did not wholly accept the prosecutor's recommendation of community control, Ms. Milite acknowledged she was aware the court was under no obligation to do so. Moreover, she was aware the court had the discretion to sentence her to up to twelve months in prison on each of the two counts. Thus, Ms. Milite's argument on appeal is essentially that she is not pleased she was sentenced to jail time in addition to community control. However, "[a] trial court's selection of a particular sentence within the statutory range does not have an effect on the knowing, voluntary and intelligent nature of a guilty plea, as a sentencing decision is made subsequent to the entry of a plea. *See* [*State v. Johnson*, 40 Ohio St.3d 130, 133-134 (1988)] ("Crim.R. 11 applies only to the entry and acceptance of the plea. It has no relevance to the exercise of the trial court's sentencing discretion at that stage * * *.") At the pleading stage, a defendant must know the possible ramifications of his plea, not the future sentencing decision of the trial court." *State v. Reed*, 7th Dist. Mahoning No. 09 MA 53, 2010-Ohio-1096, ¶24.

4

{¶20} Ms. Milite acknowledged her understanding that the court could sentence her to up to 12-months imprisonment on each count, and that it need not accept the prosecution's recommendations. Accordingly, the imposition of community control plus jail time did not render Ms. Milite's plea not knowingly, intelligently, and voluntarily made.

{¶21} Accordingly, Ms. Milite's first assignment of error is without merit.

{¶22} Second, Ms. Milite argues that her plea was not knowing, intelligent, and voluntary because she did not know the court would not rule on her motion to suppress after she entered her guilty plea.

{¶23} However, this court has previously acknowledged "that the trial court was not required to inform appellant of any possible suppression issues during the plea hearing." *State v. Pough*, 11th Dist. Trumbull No. 2000-T-0151, 2002-Ohio-6927, ¶45, citing *State v. Taylor*, 2nd Dist. Montgomery No. 12570, 1992 WL 103698, and *State v. Drawdy,* 8th Dist. Cuyahoga No. 52154, 1988 WL 87584.

{¶24} Moreover, it was *because* she entered a guilty plea that the motion to suppress was withdrawn, as evidenced by defense counsel:

{¶25} THE COURT: [Defense counsel], are you withdrawing your motion to suppress?

{¶26} [DEFENSE COUNSEL]: Yes, Your Honor. Thank you. Yes, *as a result of the negotiations that we have taken here and Ms. Milite's plea*, we do withdraw the previously filed motion to suppress. (Emphasis added.)

{¶27} Indeed, Ms. Milite acknowledged she had opportunity to fully discuss the matter with her attorney before pleading guilty and that she had all her questions answered and that she was satisfied with the advice and counsel of her attorney.

{¶28} Finally, by pleading guilty before the court ruled on her motion to suppress, Ms. Milite demonstrated that she was willing to plead guilty regardless of whether the court would grant or deny the motion. Thus, her argument that she would not have pleaded guilty if she knew the court would not rule on the motion is inconsequent.

{¶29} Accordingly, Ms. Milite's second assignment of error is without merit.

{¶30} In light of the foregoing, the judgment of the Lake County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, J.,

MARY JANE TRAPP, J.,

concur.