[Cite as *State v. Favorite*, 2026-Ohio-1619.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY

STATE OF OHIO,                                    CASE NO. 14-25-45

     PLAINTIFF-APPELLEE,

v.

TERRENCE TERELL FAVORITE,                **OPINION AND**
                                                              **JUDGMENT ENTRY**
     DEFENDANT-APPELLANT.


Appeal from Union County Common Pleas Court
Trial Court No. 2024-CR-0216

Judgment Affirmed

Date of Decision:  May 4, 2026


APPEARANCES:

    *Colin P. Cochran* for Appellant

    *Raymond Kelly Hamilton* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Terrence T. Favorite ("Favorite") appeals the judgment of the Union County Court of Common Pleas, arguing (1) that his guilty pleas were not entered knowingly, voluntarily, or intelligently and (2) that he was denied his right to the effective assistance of counsel. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On September 27, 2024, Favorite was indicted on two counts of aggravated possession of drugs in violation of R.C. 2925.11(A), third-degree felonies; two counts of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), third-degree felonies; one count of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), a fourth-degree felony; one count of trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(2), a fourth-degree felony; and one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2), a fourth-degree felony.

{¶3} The first six counts in the indictment each carried a one-year firearm specification under R.C. 2941.141(A); a forfeiture specification for money in a drug case under R.C. 2941.1417(A); and a forfeiture specification for a gun in a drug case under R.C. 2941.1417(A). At his arraignment, Favorite pled not guilty to each of the seven charges in the indictment.

{¶4} On September 25, 2025, Favorite appeared at a change of plea hearing. The trial court explained that two of the three offenses in the plea agreement carried presumptions in favor of prison sentences but that Favorite was still eligible for community control. During the Crim.R. 11 colloquy, the trial court also informed Favorite of the prison terms that were available for each of the charges in the plea agreement. In response, Favorite affirmatively indicated that he understood these notifications.

{¶5} Favorite pled guilty to one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), a third-degree felony, that carried forfeiture specifications for money and a gun in a drug case; one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), a third-degree felony; and one count of trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(2), a fourth-degree felony, that carried forfeiture specifications for money and a gun in a drug case.

{¶6} At the conclusion of the change of plea hearing, Favorite said, "I really just took this, umm, this plea because I felt like I was going to get out on probation." (Tr. 36). In response, the trial court reiterated that no determination had been made as to whether Favorite would receive a community control sanction or a term in prison. After accepting Favorite's pleas, the trial court dismissed the remaining charges in the indictment on motion of the State.

{¶7} At a sentencing hearing on November 7, 2025, the trial court ordered Favorite to serve an aggregate prison term of fifty-nine months. The trial court then issued its judgment entry of sentencing on November 7, 2025.

{¶8} Favorite filed his notice of appeal on December 3, 2025 and raises the following two assignments of error:

### First Assignment of Error

**Appellant's guilty plea was not made knowingly, intelligently, and voluntarily.**

### Second Assignment of Error

**Appellant received ineffective assistance of counsel where his trial counsel failed to ensure he understood the consequences of his guilty plea.**

*First Assignment of Error*

{¶9} Favorite asserts that his guilty pleas were not knowing, voluntary, or intelligent because he believed that the trial court would impose a community control sanction at sentencing.

Legal Standard

{¶10} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *Id*. "Crim.R. 11(C)(2) directs trial courts to engage in a colloquy

with a defendant before accepting a guilty or no contest plea in a felony case." *State v. Wallace*, 2023-Ohio-3014, ¶ 6 (3d Dist.). "This colloquy is designed to ensure that a plea is knowingly, intelligently, and voluntarily made." *State v. Sessom*, 2024-Ohio-130, ¶ 24 (3d Dist.).

{¶11} Crim.R. 11(C)(2) sets forth what a trial court is to communicate to the defendant and reads, in its relevant part, as follows:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Generally, "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *State v. Dangler*, 2020-Ohio-2765, ¶ 16.

**{¶12}** "The test for prejudice is 'whether the plea would have otherwise been made.'" *Dangler* at ¶ 16, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). However, there are two exceptions to this general rule. *Dangler* at ¶ 16.

> First, 'a trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice.' *Dangler* at ¶ 15. Second, '[w]hen a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest' as required by Crim.R. 11(C)(2)(c), the defendant's plea is presumed to have been 'entered involuntarily and unknowingly, and no showing of prejudice is required.' *Id.* at ¶ 14.

*State v. Caudill*, 2023-Ohio-3843, ¶ 7 (3d Dist.). As a result,

> the analysis of an appellate challenge based upon Crim.R. 11(C)(2) . . . involve[es] three main questions: '(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?'

*Sessom*, 2024-Ohio-130, at ¶ 25 (3d Dist.), quoting *Dangler* at ¶ 17.

## Legal Analysis

**{¶13}** Favorite asserts that his pleas were not knowing, voluntary, or intelligent because he believed "that he would receive probation or community control." (Appellant's Brief, 6). However, during the Crim.R. 11 colloquy, the trial court repeatedly indicated that Favorite could receive a prison sentence and informed him of the potential prison terms that could be imposed for each offense in this case. He was also told that he could be incarcerated for a period of seven years and six months if the longest prison terms available for each offense were

ordered and imposed consecutively. In response, Favorite indicated that he understood each of these notifications.

**{¶14}** While Favorite was told that he was eligible for community control, the trial court informed him on three separate occasions that two of the three offenses in this case carried presumptions in favor of imposing a prison term. In response, Favorite indicated that he did not fully understand what was meant by a "presumption" in this context. The trial court then reviewed how a "presumption" would operate in this situation. *See State v. Gau*, 2023-Ohio-4205, ¶ 9-10 (2d Dist.).

**{¶15}** Favorite also signed a written plea agreement that stated the potential prison terms that could be imposed for each of the offenses in this case. This document stated that two of the three offenses that were subject to the plea agreement carried presumptions in favor of the imposition of a prison term. Thus, Favorite was informed on multiple occasions and in multiple ways that he could receive a prison sentence if he entered pleas of guilty to the charges against him.

**{¶16}** Importantly, Favorite does not argue on appeal that the trial court failed to make a notification that was required by Crim.R. 11 prior to accepting his guilty pleas. Rather, Favorite points to a statement that he made at the change of plea hearing in which he indicated that he "felt" he was going to receive a community control sanction at sentencing. (Tr. 36). However, this statement does not establish that Favorite was unaware that he *could* receive a prison sentence but merely expressed a feeling or hope about what might transpire at sentencing. *State*

*v. Milite*, 2020-Ohio-5384, ¶ 19 (11th Dist.), quoting *State v. Reed*, 2010-Ohio-1096, ¶ 24 (7th Dist.) ("[A] defendant must know the possible ramifications of his plea, not the future sentencing decision of the trial court.").

{¶17} Further, in response to Favorite's statement, the trial court reiterated the fact that no determination had been made as to whether he would be placed on community control at sentencing. Since community control was an available sanction at sentencing, Favorite's statement at the change of plea hearing does not ultimately establish that he was misinformed or did not understand that he could receive a prison sentence in this case.

{¶18} In summary, Favorite does not argue on appeal that any portion of the Crim.R. 11 colloquy was deficient or erroneous. The record indicates that he was repeatedly informed that he could be ordered to serve time in prison at sentencing. In response, Favorite affirmatively indicated that he understood each of these notifications. Thus, we conclude that he has failed to demonstrate that his guilty pleas were not knowing, voluntary, or intelligent. Accordingly, the first assignment of error is overruled.

*Second Assignment of Error*

{¶19} Favorite argues that defense counsel was ineffective for failing to ensure that he understood the consequences of entering these guilty pleas.

Legal Standard

**{¶20}** "Ohio law presumes that a licensed attorney's representation was competent." *State v. Morgan*, 2024-Ohio-625, ¶ 13 (3d Dist.). "In order to prove an ineffective assistance of counsel claim, the appellant must carry the burden of establishing (1) that his or her counsel's performance was deficient and (2) that this deficient performance prejudiced the defendant." *State v. McWay*, 2018-Ohio-3618, ¶ 24 (3d Dist.), quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

**{¶21}** To establish deficient performance, the appellant must demonstrate that defense "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *State v. Howton*, 2017-Ohio-4349, ¶ 35 (3d Dist.), quoting *Strickland* at 687. In general, matters that fall within the ambit of trial strategy or debatable tactics do not constitute ineffective assistance of counsel. *State v. Wears*, 2023-Ohio-4363, ¶ 32 (3d Dist.).

**{¶22}** To establish prejudice, "the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Bibbs*, 2016-Ohio-8396, ¶ 13 (3d Dist.). "If the appellant does not establish one of these two prongs, the appellate court does not need to consider the facts of the case under the other prong of the test." *State v. Gear*, 2023-Ohio-1246, ¶ 50 (3d Dist.).

Legal Analysis

{¶23} As the basis of his argument, Favorite again points to the following statement that he made at the change of plea hearing: "I really just took this, umm, this plea because I felt like I was going to get out on probation." (Tr. 36). On appeal, he asserts that this statement indicates that defense counsel did not properly advise him that he could be sentenced to prison if he pled guilty. However, as noted previously, the trial court repeatedly indicated that Favorite could receive a prison sentence before he entered his guilty pleas at the change of plea hearing. In response, Favorite affirmatively stated that he understood these notifications. T

{¶24} The statement identified by Favorite does not establish that he was unaware of the fact that he could be ordered to serve a period of time in prison at sentencing, especially when viewed in light of the Crim.R. 11 colloquy. At most, this statement indicates that he believed or hoped that the trial court would opt to impose a community control sanction at sentencing. Because community control was an available sanction at sentencing, this statement does not establish that Favorite did not understand the potential consequences of entering these guilty pleas.

{¶25} Finally, Favorite does not identify any portion of the record in which he was misinformed or provided incorrect advice. *See State v. Smith*, 2026-Ohio-378, ¶ 9 (2d Dist.), quoting *State v. Cooperrider*, 4 Ohio St.3d 226, 228 (1983) ("[I]t is impossible to determine whether the attorney was ineffective in his representation

of appellant where the allegations of ineffectiveness are based on facts not appearing in the record."). Thus, based on the materials contained in the record presently before us, Favorite has not demonstrated that defense counsel's performance was deficient in this case.

{¶26} On appeal, Favorite has not explained how he was prejudiced in this case given that (1) he has not identified any portion of the record in which he was misinformed about the potential consequences of entering his guilty pleas and (2) he repeatedly stated at the change of plea hearing that he understood multiple notifications that informed him that he could receive prison terms at sentencing. We conclude Favorite has not carried the burden of establishing that he was denied his right to the effective assistance of counsel. Accordingly, the second assignment of error is overruled.

*Conclusion*

{¶27} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Union County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and MILLER, J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

_____
John R. Willamowski, Judge


_____
William R. Zimmerman, Judge


_____
Mark C. Miller, Judge

DATED:
/hls