[Cite as *State v. Pooler*, 2016-Ohio-5099.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO.  8-16-02

    v.

JERROD E. POOLER,                         O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Bellefontaine Municipal Court
Trial Court No. 15-TRC-03382

**Judgment Reversed**

Date of Decision:   July 25, 2016

APPEARANCES:

    *Natalie J. Bahan* **for Appellant**

    *Joe Bader* **for Appellee**

**ROGERS, J.**

{¶1} Defendant-Appellant, Jerrod Pooler, appeals the judgment of the Bellefontaine Municipal Court convicting him of operating a vehicle under the influence of alcohol and sentencing him to 180 days in jail. On appeal, Pooler argues that the trial court erred by denying his motion to dismiss the charges based on speedy trial grounds. For the reasons that follow, we reverse the judgment of the trial court.

{¶2} On August 3, 2015, Pooler was arrested and issued a citation charging him with one count of operating a vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree; one count of operating a vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(2), a misdemeanor of the first degree; one count of driving under an OVI suspension in violation of R.C. 4510.14, a misdemeanor of the first degree; one count of violating the lanes of travel in violation of R.C 4511.25, a minor misdemeanor; and one count of operating a motor vehicle bearing an invalid license plate or identification mark in violation of R.C. 4549.08, a misdemeanor of the fourth degree. The charges stemmed from actions taking place during the early morning hours of August 3, 2015.

{¶3} That same day at approximately 5:44 a.m., Pooler was released on his own recognizance and was ordered to appear in the Bellefontaine Municipal Court

at 9 a.m. Pooler appeared in court, but his arraignment was continued until August 10, 2015. Further, Pooler was remanded to jail on a $5,000 cash or surety bond.[1]

{¶4} On August 10, 2015, Pooler was arraigned on all charges and was appointed counsel. The trial court set a trial date of September 14, 2015, and the $5,000 cash or surety bond remained in place.

{¶5} Pooler's counsel filed a request for discovery on September 8, 2015. He also filed motions to convert the trial date into a pre-trial conference and to preserve any evidence that same day. The trial court granted both of Pooler's motions later that day.

{¶6} On September 14, 2015, the trial court filed an entry scheduling a change of plea hearing on September 15, 2015.

{¶7} Appearing to reject a plea deal, Pooler was given a new trial date of November 2, 2015. The same $5,000 cash or surety bond remained.

{¶8} On October 30, 2015, Pooler's current appellate counsel filed a motion to substitute as counsel. Likewise, Pooler's initial counsel filed a motion to withdraw as counsel in this case. Both motions were granted that afternoon.

---

[1] The record contains no information that explains an increase of bond after the Appellant had appeared as directed while on a recognizance bond.

{¶9} Pooler made an oral motion to continue the trial, which was granted by the court on November 4, 2015.[2] Thus, the court set the trial for December 23, 2015.

{¶10} On November 6, 2015, Pooler filed a motion to dismiss based on speedy trial grounds.

{¶11} A hearing was held on November 12, 2015. Present were the trial judge, Pooler, and his counsel. Pooler's counsel indicated that the State did not oppose Pooler's motion, but the prosecutor did not appear for the hearing. The court found that several occurrences tolled time for speedy trial purposes, including the time from the date of his first scheduled arraignment and his actual arraignment.

{¶12} At the conclusion of the hearing, the court denied Pooler's motion. Further, Pooler was released on his own recognizance subject to certain conditions.

{¶13} The State responded to Pooler's discovery request on December 18, 2015.

{¶14} On December 23, 2015, Pooler pleaded no contest to one count of operating a vehicle while under the influence of alcohol in violation of R.C.

---

[2] The record does not state the date the oral motion was made.

4511.19(A)(1)(a), a misdemeanor of the first degree[3]; and one count of driving under an OVI suspension in violation of R.C .4510.14, a misdemeanor of the first degree. The court found Pooler guilty on both charges and sentenced him to 180 days in jail, 90 of which were suspended, fined him $1,000, suspended his driver's license for three years, and required him to pay court costs.

{¶15} Pooler filed this timely appeal, presenting the following assignment of error for our review.

### *Assignment of Error*

**THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO DISMISS DUE TO A VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL.**

{¶16} Before we address the merits of Pooler's appeal, we must first briefly address the State's argument that the appeal should be dismissed due to the defective notice of appeal. The State argues that the appeal should be dismissed because Pooler's notice of appeal only lists the entry of conviction and sentence as the judgment from which he appeals and not the entry denying Pooler's motion to dismiss.

{¶17} App.R. 3(D) provides that a "notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof

---

[3] In the entry of conviction and sentence dated December 23, 2015, it states that Pooler pleaded guilty to this charge and the court made a finding of no contest. On February 9, 2016, the court filed a nunc pro tunc order correcting the error. The new entry states that Pooler entered a plea of no contest and was found guilty.

appealed from; and shall name the court to which the appeal is taken. * * *"
(Footnote omitted.) " '[An appellate court] ha[s] jurisdiction to review
assignments of error stemming only from the judgment subject of the notice of
appeal.' " *State v. Walden*, 3d Dist. Defiance No. 4-15-13, 2016-Ohio-258, ¶ 24,
quoting *State v. Thompkins*, 10th Dist. Franklin No. 07AP-74, 2007-Ohio-4315, ¶
7, citing App.R. 3(D).

{¶18} The problem with the State's argument is that the trial court's entry
denying Pooler's motion to dismiss was not a final appealable order because it was
not followed by a nolle prosequi. *See City of Middletown v. Jackson*, 8 Ohio
App.3d 431, 432 (12th Dist.1983). Rather, it was merely an interlocutory order.
*See id.* The only final appealable order was the formal entry of conviction and
sentence. Thus, Pooler's notice of appeal was sufficient as he is challenging his
conviction and sentence based on an error by the trial court (denying his motion to
dismiss).

{¶19} In his sole assignment of error, Pooler argues that the trial court erred
by denying his motion to dismiss the charges based on speedy trial grounds. We
agree.

{¶20} Our standard of review upon an appeal raising a speedy trial issue is
to count the expired days as directed by R.C. 2945.71, et seq. *State v. DePue*, 96
Ohio App.3d 513, 516 (4th Dist.1994); *see also State v. King*, 3d Dist. Marion No.

9–06–18, 2007–Ohio–335, ¶ 30; *State v. West*, 3d Dist. Auglaize No. 2–06–04, 2006–Ohio–5834, ¶ 24. If any ambiguity exists, we construe the record in favor of the accused. *See State v. Singer*, 50 Ohio St.2d 103, 109 (1977); *State v. Mays*, 108 Ohio App.3d 598, 609 (8th Dist.1996). The computation of time for criminal statutes is governed by Crim.R. 45, which provides, "In computing any period of time prescribed * * * by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included * * *." The date of the arrest is not included for the purpose of calculating time under the statutes for a speedy trial. *State v. Huston*, 3d Dist. Wyandot Nos. 16–05–23, 16–05–24, 2006–Ohio-6857, ¶ 7. "[E]ach day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E).

{¶21} Under the applicable statutory speedy trial provision, R.C. 2945.71(B)(2), a person charged with a misdemeanor of the first or second degree shall be brought to trial within 90 days after the person's arrest.[4] R.C. 2945.71(E) counts each day a defendant is held in jail in lieu of bail as three. Upon a motion made prior to or at the trial, "a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and

---

[4] Although Pooler was also charged with a misdemeanor of the fourth degree and a minor misdemeanor, which have shorter speedy trial times, a defendant "shall be brought to trial on all of the charges within the time period required for the highest degree of offense charged[.]" R.C. 2945.71(D). Thus, because Pooler was charged with multiple misdemeanors of the first degree, the 90-day period is appropriate.

2945.72 of the Revised Code." R.C. 2945.73(B).  However, R.C. 2945.72 allows for an extension of the time that the accused must be brought to trial under certain circumstances.  This includes "[a]ny period of delay necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused." R.C. 2945.72(E).

{¶22} Pooler was arrested on August 3, 2015, released on his own recognizance, appeared in court, and was later remanded to jail in lieu of bond that same day.  For the purposes of calculation, this day is excluded.  The speedy trial clock began on August 4, 2015.  Because Pooler remained in jail until mid-November 2015, the State was required to bring Pooler to trial within 30 days, which would have expired on September 2, 2015.  Pooler's motion to dismiss was filed on November 6, 2015.  Since this was clearly beyond the statutory limit, Pooler's motion should have been granted unless certain actions tolled the speedy trial clock beyond that date.

{¶23} Pooler argues that the first action, which would have tolled time, was his initial counsel's discovery request filed on September 8, 2015.  Because this was filed after the time for which the State was required to bring him to trial, Pooler argues that this action cannot be said to have tolled the speedy trial clock.  We agree.  Since the clock expired on September 2, 2015 (meaning the last day

the State could have tried Pooler), some action between August 4 and September 2, 2015 must have occurred to have tolled time.

**{¶24}** Here, the State failed to present any argument as to why the clock was tolled during this period. At the speedy trial hearing, the court found that the time between August 4 and August 10, 2015 was tolled because Pooler asked for his arraignment to be continued and, therefore, this period was not chargeable to the State. We disagree.

**{¶25}** Nothing in the record itself, other than the trial court's statement at the hearing, establishes that the continuance of the arraignment was made at Pooler's request. Again, if any ambiguity exists, we construe the record in favor of the accused. *See Singer*, 50 Ohio St.2d at 109. The entry continuing the arraignment does not include any language as to who requested the continuance. Thus, this action is not charged to Pooler.

**{¶26}** However, this does not end the analysis as the clock will be tolled for "the period of any *reasonable* continuance granted other than upon the accused's own motion[.]" (Emphasis added.) R.C. 2945.72(H). "To satisfy that standard, 'when *sua sponte* granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limits prescribed in R.C. 2945.71 for bringing a

defendant to trial.' " (Emphasis sic.) *State v. Ramey*, 2d Dist. Clark No. 2010 CA 19, 2012-Ohio-6187, ¶ 12, quoting *State v. Mincy*, 2 Ohio St.3d 6, 9 (1982).

{¶27} This court has recently found that when the trial court fails to provide its reasoning for granting a continuance, which is not on behalf of the defendant, that time is charged against the State. *State v. Shafer*, 3d Dist. Logan No. 8-14-28, 2015-Ohio-2469, ¶ 15, citing *State v. Hohenberger*, 189 Ohio App.3d 346, 2010-Ohio-4053, ¶ 47 (6th Dist.) Therefore, we find that the time between August 4 and August 10, 2015 is charged against the State.

{¶28} No other events occurred that would have tolled time before it expired on September 2, 2015. Thus, there is no need to discuss later events as the clock had already expired. Specifically, 35 days were chargeable against the State as of September 8, 2015. Because Pooler was in jail for all 35 days, the total, for speedy trial purposes, becomes 105, which is 15 days more than the statutory limit of 90. Therefore, Pooler's speedy trial rights were violated.

{¶29} Accordingly, we sustain Pooler's sole assignment of error.

{¶30} Having found error prejudicial to the appellant, in the particulars assigned and argued, we reverse the judgment of the trial court.

***Judgment Reversed***

**SHAW, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**