[Cite as *State v. Flynn*, 2017-Ohio-1484.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

             v.

JENIFER JO FLYNN,

    DEFENDANT-APPELLANT.

CASE NO. 11-16-06

O P I N I O N

Appeal from Paulding County Court
Trial Court No. CRB1600223

Judgment Affirmed

Date of Decision: April 24, 2017

APPEARANCES:

    *Tyler W. Dunham* for Appellant

    *Matthew A. Miller* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Jenifer J. Flynn ("Flynn") appeals the judgment of the Paulding County Court for denying defendant's motion to discharge under R.C. 2945.73(B). For the reasons set forth below, the judgment of the lower court is affirmed.

*Facts and Procedural History*

{¶2} On April 25, 2016, Flynn was charged with one count of obstructing official business in violation of R.C. 2921.32(A)(1), which is a misdemeanor of the second degree. Hearing on State's Motion to Dismiss Tr. 8. This charge became the basis of case 16-CRB-111. April 28 Arraignment Tr. 2. Flynn appeared at her arraignment on April 28, 2016, which was the same day she had been served with a summons. Doc. 10. At the arraignment, Flynn requested the opportunity to obtain and confer with counsel. May 5 Arraignment Tr. 3. In response, the trial judge continued the arraignment to May 5, 2016. *Id.* Flynn did not appear at the continued arraignment with retained counsel and instead requested court appointed counsel. *Id.* The trial judge appointed Tyler Dunham ("Dunham") as counsel and set the pretrial conference for May 26, 2016. May 26 Arraignment Tr. 2, 6. In the resulting journal entry, the trial court recorded that time was to be tolled against the defendant until May 26, 2016 as the delay in the proceedings was attributable to Flynn. Doc. 11.

{¶3} On June 16, 2016, the trial court scheduled the bench trial for case 16-CRB-111 for July 6, 2016. Demand for Trial Tr. 3. On July 5, 2016, the State filed a motion to dismiss the charge of obstructing official business against Flynn without prejudice so that the prosecution could refile the complaint and instead charge Flynn with falsification in violation of R.C. 2921.13(A)(3), which is a misdemeanor of the first degree. Hearing on State's Motion to Dismiss Tr. 2. The trial court granted the motion to dismiss without prejudice over defense counsel's objection. *Id.* at 9-10.

{¶4} On July 8, 2016, Flynn was charged with falsification under R.C. 2921.13(A)(3), commencing case 16-CRB-223. Doc. 1. This charge was based upon the same facts that formed the basis of case 16-CRB-111. *Id.* The arraignment was set for July 28, 2016, but defense counsel submitted a motion for continued arraignment. *Id.* The trial court granted this motion and rescheduled the arraignment for August 11, 2016. Doc. 5. Flynn did not waive her right to a speedy trial during any of these pretrial proceedings.

{¶5} On September 21, 2016, Flynn appeared for her bench trial for case 16-CRB-223. Trial Tr. 2. Before the trial began, defense counsel requested that the court grant Flynn's motion to dismiss on the grounds that the trial was past the ninety-day (90), speedy trial limit. Trial Tr. 2. The trial court found that sixty-one (61) days had passed for speedy trial purposes, placing the September 21, 2016, trial date within the time frame allotted by R.C. 2945.71(B)(2). Doc. 11. After

hearing the evidence, the trial judge found Flynn guilty of falsification in violation of R.C. 2921.13(A)(3). Trial Tr. 43. Flynn was sentenced by the trial court on October 27, 2016. Doc. 12. She filed this appeal on November 16, 2016. *Id.*

{¶6} On appeal, the defendant-appellant raises one assignment of error, which reads as follows:

> **The trial court erred in its denial of Defendant's Motion to Discharge Defendant Pursuant to R.C. 2945.73(B).**

Specifically, Flynn argues that the trial court erred in its calculation of the speedy trial time that had accrued against the State. By defense counsel's count, ninety-seven (97) days had accrued against the State by the date of the trial on September 21, 2016, putting the State beyond the ninety (90) day time limit imposed by R.C. 2945.73(B). By the State's count, however, only seventy-seven (77) days of speedy trial time had run by the time of the trial.

*Legal Standard of Review*

{¶7} The United States Constitution and the Ohio Constitution guarantee the accused the right to a speedy trial. U.S. Constitution, Sixth Amendment; Ohio Constitution, Article I, Section 10. R.C. 2945.71 codifies this protection, providing that a criminal defendant accused of a first or second degree misdemeanor must be brought to trial within ninety (90) days of arrest or service of summons. R.C. 2945.71(B)(2). R.C. 2945.72, which lists the tolling events that count against the defendant, reads, in its relevant part, as follows:

> **The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:**
>
> **\* \* \***
>
> **(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;**
>
> **\* \* \***
>
> **(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;**
>
> **\* \* \***
>
> **(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]**

R.C. 2945.72. The events enumerated in the statute "do not unconditionally extend the time limit in which an accused must be brought to trial, but, rather, this limit is 'merely extended by the time necessary in light of the reason for the delay.'" *State v. Johnson*, 3d Dist. Marion No. 9-10-47, 2011-Ohio-994, ¶ 22, quoting *State v. Arrizola*, 79 Ohio App.3d 72, 75, 606 N.E.2d 1020 (1992), quoting Committee Comment to H.B. 511.

{¶8} Under R.C. 2945.72(H), "[s]ua sponte continuances are continuances 'granted other than on the accused's own motion" and toll the speedy-trial time as long as the record reflects "that the period of the continuance was 'reasonable.'"

-5-

*State v. Gartrell*, 2014-Ohio-5203, 24 N.E.3d 680, ¶ 104 (3d Dist.), quoting *State v. Kesler*, 3d Dist. Seneca No. 13-13-35, 2014-Ohio-3376, ¶ 5. R.C. 2945.72(H). "The reasonableness of a continuance is determined by examining the purpose and length of the continuance as specified in the record." *State v. Hayman,* 3d Dist. Seneca No. 13-09-22, 2010-Ohio-1264, ¶ 22, citing *State v. Kopchak*, 5th Dist. Licking No. 06CA108, 2007–Ohio–4026, ¶ 34. "Whether the reason for which the continuance was granted justifies the actual period of time trial has been delayed beyond speedy trial limits depends on the peculiar facts and circumstances of this particular case." *State v. Chatman*, 3d Dist. Marion No. 9-94-61, 1996 WL 65610, 4 (Feb. 13, 1996), citing *State v. Saffell*, 35 Ohio St.3d 90, 518 N.E.2d 934 (1988).

{¶9} "[T]he determination of reasonableness must be made on the existing record." *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937, ¶ 34. "[W]hen sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limits prescribed in R.C. 2945.71 for bringing a defendant to trial." *State v. Mincy*, 2 Ohio St.3d 6, 9, 441 N.E.2d 571, 573 (1982). However,

> **an appellate court may affirm a conviction challenged on speedy-trial grounds even if the trial court did not expressly enumerate any reasons justifying the delay when the reasonableness of the continuance is otherwise affirmatively demonstrated by the record.**

*Ramey* at ¶ 33, citing *State v. McRae*, 55 Ohio St.2d 149, 378 N.E.2d 476 (1978).

**{¶10}** The "standard of review upon an appeal raising a speedy trial issue is to count the expired days as directed by R.C. 2945.71, et seq." *State v. West*, 3d Dist. Auglaize No. 2-06-04, 2006-Ohio-5834, ¶ 24. This process presents mixed questions of law and fact. *Gartrell* at ¶ 104. "We accept the facts as found by the trial court on some competent, credible evidence, but freely review the application of the law to the facts." *State v. Kist*, 173 Ohio App.3d 158, 2007-Ohio-4773, 877 N.E.2d 747, ¶ 18 (11th Dist). "The computation of time for criminal statutes is governed by Crim.R. 45, which provides, 'In computing any period of time prescribed * * * by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included * * *.'" *State v. Shafer*, 3d Dist. Logan No. 8-14-28, 2015-Ohio-2469, ¶ 12, quoting Crim.R. 45. "If any ambiguity exists, we construe the record in favor of the accused." *Id.*, citing *State v. Singer*, 50 Ohio St.2d 103, 109, 362 N.E.2d 1216 (1977); *State v. Mays*, 108 Ohio App.3d 598, 609, 671 N.E.2d 553 (8th Dist.1996). "Upon a motion made prior to or at the trial, 'a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code.'" *State v. Pooler*, 3d Dist. Logan No. 8-16-02, 2016-Ohio-5099, ¶ 21, quoting R.C. 2945.73(B).

*Legal Analysis*

**{¶11}** We will now scrutinize the period between April 28, 2016, which is the date Flynn received her summons, to September 21, 2016, which is the date of Flynn's trial, to determine how many days had accrued against the State for speedy trial purposes. Doc. 11.

**{¶12}** April 28, 2016: In this case, Flynn was served with summons on April 28, 2016, which is the date when the speedy trial time began to run pursuant to R.C. 2945.71(B)(2). April 28 Arraignment Tr. 2. However, the date the summons was served does not count against the ninety (90) days the State is allotted to bring the case to trial. *State v. Maisch*, 173 Ohio App.3d 724, 2007-Ohio-6230, 880 N.E.2d 153, ¶ 26 (3d Dist.). On April 28, 2016, Flynn also appeared at the trial court for her arraignment. April 28 Arraignment Tr. 2. At this hearing, she requested time to find and consult with counsel. *Id.* at 4. In response, the trial judge continued the arraignment to May 5, 2016. *Id.* Since the defendant requested this continuance, the speedy trial time counted against the State was tolled. *State v. Masters*, 172 Ohio App.3d 666, 2007-Ohio-4229, 876 N.E.2d 1007, ¶ 13. For this reason, between the date of summons on April 28, 2016, and the continued arraignment on May 5, 2016, zero (0) speedy trial days accrued.

**{¶13}** May 5, 2016: Flynn appeared for the continued arraignment on May 5, 2016, and did not have counsel with her. May 5 Arraignment Tr. 2. At this

hearing, the trial judge determined that Flynn was eligible for court appointed counsel and selected Dunham, who was not present, to represent her in this matter. *Id*. at 5. The court then scheduled the pretrial conference for May 26, 2016. *Id*. at 6. This date was chosen because this was the next date on which Dunham was already appearing before the court on another matter. *Id*. at 5. At this time, the prosecution requested that the "speedy trial time toll against the defendant due to the delay in the case * * *." *Id*. at 6. The trial court granted this motion, tolling the speedy trial time until the pretrial conference on May 26. *Id*.

{¶14} Between May 5, 2016 and May 26, 2016, the State and the trial court counted zero (0) days against the State for speedy trial purposes. Doc. 11. The defense, however, claims that trial court erred in tolling the speedy trial time until the pretrial conference on May 26, 2016. Flynn posits that the speedy trial time should not have tolled until May 20, 2016 when the defense submitted a request for discovery, which is a tolling event. *See State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, ¶ 26. Thus, the defense counts fifteen (15) days against the State for speedy trial purposes between May 5 and May 20.

{¶15} Given the circumstances, we find that the sua sponte continuance granted by the trial court was reasonable under R.C. 2945.71(H). *See Saffell, supra*, at 935. At the April 28, 2016, arraignment, Flynn was granted a continuance to obtain counsel but appeared at the continued arraignment on May 5, 2016, without counsel. When scheduling the pretrial conference, the trial court

could not confer with Dunham on his availability as he was not present and had to schedule the pretrial conference on the next date that Dunham was scheduled to appear in court for another case, which was three full weeks after the arraignment. The timeline of events was scheduled around defendant's failure to obtain counsel in between the April 28 arraignment and the May 5 arraignment. This continuance was entered into the trial court's journal on May 9, 2016, which was long before defendant's motion to discharge on speedy trial grounds was submitted. Ex. 1. Thus, this continuance was not an after the fact justification for extending speedy trial time after the statutory period had already expired.

{¶16} While the reasons for this continuance were not expressly stated in the journal entry, the reasons are apparent from the state's oral motion at the hearing and the context of the State's request in the record. May 5 Arraignment Tr. 6. Further, the delay caused by the accused's failure to retain counsel in between the April 28 and May 5 arraignments was not disproportionate to the amount of time that was tolled against the defendant and did not push the trial date beyond a reasonable timeframe. For these reasons, the time between May 5 and May 26 should not count against the State. Thus, by the pretrial conference on May 26, 2016, zero (0) speedy trial days had accrued against the State.

{¶17} May 26, 2016: At the pretrial conference, the defense requested a continuance. Doc. 10. The trial court scheduled the continued pretrial conference

for June 16, 2016. *Id.* Since the defendant requested this continuance, zero (0) days between May 26 and June 16 accrued against the State.

{¶18} June 16, 2016: At the continued pretrial conference, the trial court scheduled a bench trial for July 6, 2016. Demand for Trial Tr. 2. After this pretrial conference, the speedy trial time began to run. In between June 16 and July 6, twenty (20) days ran against the State.

{¶19} July 6, 2016: On the date of the scheduled trial, the prosecution requested that the court grant the State's motion to dismiss the charge against Flynn without prejudice so that the prosecution could refile the complaint and charge Flynn with a higher offense. Hearing on State's Motion to Dismiss Tr. 2. The trial court granted the motion to dismiss. Since Flynn was not incarcerated, the dismissal of the charge against her without prejudice caused the speedy trial time to toll. *State v. Broughton*, 62 Ohio St.3d 253, 581 N.E.2d 541 (1991); *State v. Heft*, 3d Dist. Logan No. 8-09-08, 2009-Ohio-5908, ¶ 48.[1] The prosecution refiled the charges against Flynn on July 8, 2016. Doc. 1. Since the charges filed on July 8 arose from the same set of facts as the charges that were dismissed, the time that accrued against the State prior to the prosecution's motion to dismiss still counted against the state. *State v. Adams*, 43 Ohio St.3d 67, 68-69, 538 N.E.2d 1025 (1989), citing *State v. Clay*, 9 Ohio App.3d 216, 218, 9 OBR 366, 367, 459

---

[1] Since the refiled charge has the same speedy trial timeframe as the original charge, we do not need to consider the effect of the dismissal of the original complaint beyond the days that were tolled in between the dismissal of the complaint and the refiling of charges. *Compare State v. Kist*, 173 Ohio App.3d 158, 877 N.E.2d 747, ¶ 44; *State v. Gasnik*, 132 Ohio App.3d 612, 614, 725 N.E.2d 1162 (1st Dist.1998).

N.E.2d 609, 610 (1983). Flynn was served with a summons on July 11, 2016. Between July 6 and July 11, zero (0) days accrued against the state, keeping the total number of speedy trial days that had run at twenty (20).

{¶20} July 11, 2016: When Flynn was served with summons, the speedy trial time began to run again. Doc. 2. Time accrued against the State until Flynn requested a continued arraignment on July 27, 2016. Doc. 3. Between July 11 and July 27, sixteen (16) days accrued against the State, bringing the total number of speedy trial days that had run to thirty-six (36) days.

{¶21} July 27, 2016: In response to Flynn's motion for a continuance, the trial court scheduled the continued arraignment for August 11, 2016. Doc. 3. Since Flynn requested the continuance, the time accruing against the State for speedy trial purposes tolled. R.C. 2945.72(H). Between July 27 and August 11, zero (0) speedy trial days ran against the State, keeping the total number of speedy trial days that had run at thirty-six (36).

{¶22} August 11, 2016: After the continued arraignment, speedy trial time began to run against the State. The trial court scheduled Flynn's bench trial for September 21, 2016. Doc. 11. In between the continued arraignment and the trial, no tolling events occurred. During this time, forty-one (41) days accrued for speedy trial purposes against the State, bringing the total to seventy-seven (77) days.

{¶23} September 21, 2016: At trial, Flynn argued that the timeframe in which she could be tried had passed and submitted a motion to be discharged. Doc. 10. However, we find that only seventy-seven (77) days had run at this point, which is well within the ninety (90) day speedy trial requirement.

{¶24} Since the bench trial occurred within the time period prescribed by law, the trial court did not err in denying Flynn's motion to be discharged and did not convict Flynn in violation of her constitutional right to a speedy trial. Thus, Flynn's sole assignment of error is overruled.

*Conclusion*

{¶25} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Paulding County Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and SHAW, J.J, concur.**

**/hls**