[Cite as *State v. Adams*, 2020-Ohio-6886.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 1-20-16

    v.

ERIC V. ADAMS,                       O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2019 0363

**Judgment Affirmed**

Date of Decision: December 28, 2020

APPEARANCES:

    *William T. Cramer* for Appellant

    *Jana E. Emerick* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Eric V. Adams ("Adams") appeals the judgment of the Allen County Court of Common Pleas, alleging that his right to a speedy trial was violated. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On March 2, 2018, a complaint was filed that accused Adams of rape. Doc. 1. Adams was arrested on August 26, 2019. Doc. 2. On October 17, 2019, Adams was charged with two counts of rape in violation of R.C. 2907.02(A)(2). Doc. 4. On October 24, 2019, he entered a plea of not guilty to both of these charges. Doc. 14. A jury trial on these charges was scheduled for November 19, 2019. Doc. 21.

{¶3} However, on November 6, 2019, defense counsel filed a motion for a continuance. Doc. 26. Defense counsel requested that the jury trial be rescheduled for a later date because he had to appear in three other courts for various proceedings on November 19, 2019. Doc. 26. The trial court granted this continuance and rescheduled the jury trial for December 17, 2019. Doc. 27, 28.

{¶4} On December 10, 2019, defense counsel filed a second motion for a continuance. Doc. 48. The motion requested that the jury trial be rescheduled for a later date because the parties were still engaged in plea negotiations. Doc. 48. The trial court granted this continuance and rescheduled the jury trial for January

14, 2020. Doc. 49, 57, 58. On January 7, 2020, defense counsel filed a third motion for a continuance. Doc. 75. Defense counsel requested the jury trial be rescheduled for a later date to give the Defense more time to prepare for the trial. Doc. 75. The trial court then rescheduled the jury trial for February 18, 2020. Doc. 80.

{¶5} On January 14, 2020, defense counsel filed a fourth motion for a continuance. Doc. 81. This motion requested that the jury trial be rescheduled for a later date because defense counsel had a medical procedure scheduled for the same date as the trial. Doc. 81. The trial court granted this continuance and rescheduled the jury trial for March 3, 2020. Doc. 86. In this judgment entry, the trial court noted that Adams had never waived his speedy trial rights; that defense counsel's motions for continuances have been for good cause; and that the trial court had a "very crowded" docket at that time. Doc. 86, 87.

{¶6} On March 3, 2020, Adams pled no contest to both of the charges against him. Doc. 114. The trial court found Adams guilty of both charges of rape and sentenced him on March 3, 2020. Doc. 115. The appellant filed his notice of appeal on March 12, 2020. Doc. 123. On appeal, Adams raises the following assignment of error:

> **Appellant's statutory right to a speedy trial was violated by a continuance granted on counsel's motion but over appellant's objection.**

Adams argues that the four continuances filed by defense counsel represented an "institutional problem or system breakdown" and that the resulting delay should, therefore, be charged against the State's speedy trial time. Appellant's Brief, 8.

*Legal Standard*

{¶7} "The Sixth Amendment to the United States Constitution guarantees a speedy trial to a person who has been accused of a crime." *State v. Hines*, 3d Dist. Marion No. 9-19-07, 2019-Ohio-5039, ¶ 11. "Ohio has addressed a defendant's right to a speedy trial in several provisions in the Revised Code." *State v. Cartlidge*, 3d Dist. Seneca No. 13-19-44, 2020-Ohio-3615, ¶ 51, citing R.C. 2945.71, *et seq.* R.C. 2941.401. Under R.C. 2945.71(C)(2), "[a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(C)(2). Further, under R.C. 2945.71(E), "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E).

{¶8} However, R.C. 2945.72 lists a number of events that toll the accrual of speedy trial time allotted to the State. R.C. 2945.72. Under R.C. 2945.72(H), speedy trial time does not accrue during "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H). Further, the Supreme Court of Ohio has held that

> **[a] defendant's right to be brought to trial within the time limits expressed in R.C. 2945.71 may be waived by his counsel for reasons of trial preparation and the defendant is bound by the waiver even though the waiver is executed without his consent.**

*State v. McBreen*, 54 Ohio St.2d 315, 376 N.E.2d 593, at the syllabus (1978). Thus, "[i]t is well-established that a defendant is bound by the actions of counsel in waiving speedy trial rights by seeking or agreeing to a continuance, even over the defendant's objections." *State v. Glass*, 10th Dist. Franklin No. 10AP-558, 2011-Ohio-6287, ¶ 17, citing *McBreen*.

{¶9} On appeal, a speedy trial issue presents a mixed question of fact and law. *State v. Gartrell*, 2014-Ohio-5203, 24 N.E.3d 680, ¶ 104 (3d Dist.).

> **'We accept the facts as found by the trial court on some competent, credible evidence, but freely review the application of the law to the facts.' *State v. Kist*, 173 Ohio App.3d 158, 2007-Ohio-4773, 877 N.E.2d 747, ¶ 18 (11th Dist.). "The computation of time for criminal statutes is governed by Crim.R. 45, which provides, '[i]n computing any period of time prescribed * * * by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included * * *.'" *State v. Shafer*, 3d Dist. Logan No. 8-14-28, 2015-Ohio-2469, ¶ 12, quoting Crim.R. 45. 'If any ambiguity exists, we construe the record in favor of the accused.' *Id*.**

*State v. Flynn*, 3d Dist. Paulding No. 11-16-06, 2017-Ohio-1484, ¶ 10.

*Legal Analysis*

{¶10} We will apply the statutory speedy trial provisions to the facts of this case to determine whether Adams was tried within the prescribed timeframe. In this case, Adams was arrested on August 26, 2019 and remained in custody pending

trial. Doc. 2. For this reason, the triple count provision of R.C. 2945.71(E) is applicable. Initially, Adams's jury trial was scheduled for November 19, 2019. Doc. 21. This original trial date was within the ninety-day timeframe prescribed by R.C. 2945.71(C) and R.C. 2945.71(E).

{¶11} However, on November 7, 2019, defense counsel filed a motion for a continuance. Doc. 26. Defense counsel requested this continuance because he had several other proceedings in three other courts in three separate counties that had been scheduled on the same day. Doc. 26. The trial court granted defense counsel's requested continuance and moved the jury trial from November 19, 2019 to December 17, 2019. Doc. 27, 28.

{¶12} The continuance requested by defense counsel tolled the speedy trial time for this period of time. *See State v. Kozic*, 7th Dist. Mahoning No. 11 MA 160, 2014-Ohio-3788, ¶ 32, 91; *State v. Gibson*, 8th Dist. Cuyahoga No. 100727, 2014-Ohio-3421, ¶ 19; *State v. Eager*, 10th Dist. Franklin No. 95APA09-1165, 1996 WL 221520, *2 (May 2, 1996) (stating that "[a] defendant's right to be brought to trial within the limits of R.C. 2945.71 may be waived by defense counsel for extensions to prepare for trial as well as for conflicts in defense counsel's schedule."). *See also McBreen, supra*, at 319.

{¶13} On December 10, 2019, defense counsel filed a second continuance to give the parties more time to engage in plea negotiations. Doc. 48. In this motion, defense counsel further requested that the continuance not delay the jury trial for

more than thirty days. Doc. 48. The trial court granted this continuance and moved the jury trial from December 17, 2019 to January 14, 2020. Doc. 58. Thus, the trial court was even able to accommodate the Defense's request that the jury trial not be delayed more than thirty days. Doc. 58.

{¶14} As defense counsel requested this continuance, the speedy trial time was tolled during this timeframe. *See State v. Furtwengler*, 1st Dist. Hamilton No. C-860631, 1987 WL 13253, *2 (June 24, 1987); *State v. Smith*, 8th Dist. No. 100338, 2014-Ohio-2186, ¶ 25-26; *State v. James*, 8th Dist. Cuyahoga No. 102604, 2015-Ohio-4987, ¶ 9; *State v. Meadows*, 8th Dist. Cuyahoga No. 108452, 2020-Ohio-3888, ¶ 22-23.

{¶15} On January 7, 2020, defense counsel requested a third continuance to allow the Defense more time to prepare for trial. Doc. 75. The trial court granted this continuance and moved the jury trial from January 14, 2020 to February 18, 2020. Doc. 80. The speedy trial time was tolled during the period subject to this continuance. *McBreen, supra*, at syllabus (holding that a continuance requested by defense counsel tolls speed trial time even if the defendant objects). *See also State v. Herring*, 2d Dist. Montgomery No. 13128, 1993 WL 10437, *7 (Jan. 21, 1993); *State v. Machuca*, 3d Dist. Allen No. 1-15-01, 2016-Ohio-254, ¶ 36.

{¶16} On January 14, 2020, defense counsel requested a fourth continuance because he had a medical procedure scheduled for the same date as the trial. Doc. 81. The trial court granted this continuance and moved the date of the jury trial

from February 18, 2020 to March 3, 2020. Doc. 81, 86. During the period of this continuance, the speedy trial time was tolled. *State v. Barrett*, 8th Dist. Cuyahoga No. 81101, 2002-Ohio-6506, ¶ 27; *State v. Hadden*, 11th Dist. Trumbull No. 2008-T-0029, 2008-Ohio-6999, ¶ 40. *See also State v. Jones*, 8th Dist. Cuyahoga No. 107561, 2019-Ohio-2571, ¶ 4, 43; *State v. McQueen*, 10th Dist. Franklin No. 09AP-195, 2009-Ohio-6272, ¶ 38.

{¶17} Even though these four continuances were requested by defense counsel, Adams asserts that the period of time that elapsed under these four continuances should count against the State because this delay represented an "institutional problem[] or systemic breakdown * * *." Appellant's Brief, citing *Vermont v. Brillon*, 556 U.S. 81, 83, 129 S.Ct. 1283, 173 L.Ed.2d 231 (2009). Beyond making this assertion, however, Adams has not advanced an argument that explains how his defense counsel requesting four continuances was an institutional problem. He similarly has not identified any facts in the record that would establish any systemic breakdown in this case. *See Brillon* at 94. Thus, there is no reason to charge this delay to the State for speedy trial purposes.

{¶18} After examining the record, we conclude that defense counsel filed continuances for valid reasons and that the period of delay occasioned by these continuances was not excessive. Thus, in this case, the speedy trial time was tolled by the four continuances that were requested by defense counsel. As a result of these continuances, no speedy trial time accrued in between the first continuance

and the date on which Adams pled no contest to the charges against him. For this reason, we conclude that Adams's statutory right to a speedy trial was not violated. His sole assignment of error is overruled.

*Conclusion*

{¶19} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Allen County Court of Common Pleas is affirmed.

**Judgment Affirmed**

**SHAW, P.J. and PRESTON, J., concur.**

**/hls**