[Cite as *State v. Sessom*, 2024-Ohio-130.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

ARNOLD W. SESSOM,

    DEFENDANT-APPELLANT.

CASE NO. 4-23-10

O P I N I O N

Appeal from Defiance County Common Pleas Court
Trial Court No. 22 CR 14882

Judgment Affirmed

Date of Decision:  January 16, 2024

APPEARANCES:

    *Henry Schaefer* for Appellant

    *Russell R. Herman* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Arnold W. Sessom ("Sessom") appeals the judgment of the Defiance County Court of Common Pleas, alleging that his right to speedy trial was violated; that he was denied his right to the effective assistance of counsel; and that his guilty plea was not knowingly and voluntarily entered. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On October 28, 2022, Sessom was indicted on one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a second-degree felony; one count of theft in violation of R.C. 2913.02(A)(3), a fifth-degree felony; one count of possessing criminal tools in violation of R.C. 2923.24(A), a fifth-degree felony; and one count of receiving stolen property in violation of R.C. 2913.51(A), a fifth-degree felony.

{¶3} On February 26, 2023, Sessom filed a motion to dismiss on speedy trial grounds. In response, the State argued that Sessom's calculations failed to account for numerous tolling events. On February 21, 2023, the trial court denied Sessom's motion to dismiss. On April 13, 2023, Sessom entered pleas of guilty to the four counts charged in the indictment. On July 14, 2023, the trial court issued is judgment entry of sentencing.

{¶4} Sessom filed his notice of appeal on July 28, 2023. On appeal, he raises the following assignments of error:

**First Assignment of Error**

**The Court Erred When It Denied Mr. Sessom's Motion to Dismiss for Speedy Trial.**

**Second Assignment of Error**

**Mr. Sessom's Counsel Was Ineffective.**

**Third Assignment of Error**

**Mr. Sessom's Plea Was Not Knowing and Voluntary.**

*First Assignment of Error*

{¶5} Sessom argues that the trial court erred in denying his motion to dismiss the charges on the grounds that the speedy trial time had run in this case.

Standard of Review

{¶6} "Appellate review of a trial court's decision on a motion to dismiss for a speedy-trial violation involves a mixed question of law and fact." *State v. Westerfield*, 3d Dist. Crawford No. 3-17-15, 2018-Ohio-2139, ¶ 17. "Accordingly, a reviewing court must give due deference to the trial court's findings of fact if they are supported by competent, credible evidence but will independently review whether the trial court correctly applied the law to the facts of the case." *State v. Shaffer*, 3d Dist. Paulding No. 11-21-05, 2022-Ohio-421, ¶ 10, quoting *State v. Hansen*, 3d Dist. Seneca No. 13-12-42, 2013-Ohio-1735, ¶ 20.

Legal Standard

**{¶7}** Under Ohio's speedy trial statute, a person with a pending felony charge "[s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(C)(2). In calculating the amount of speedy trial time that has accrued, the triple-count provision in R.C. 2945.71(E) requires that "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." Further, R.C. 2945.72 contains a list of tolling events that stop the accrual of speedy trial time that includes the following:

> (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon the accused's request as required by law;
>
> * * *
>
> (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
>
> * * *
>
> (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

R.C. 2945.72. The occurrence of a tolling event does "not unconditionally extend the time limit in which an accused must be brought to trial" but only extends the time limit for the length of the delay occasioned by tolling event. *State v. Flynn*, 3d

Dist. Paulding No. 11-16-06, 2017-Ohio-1484, ¶ 8, quoting *State v. Arrizola*, 79 Ohio App.3d 72, 75, 606 N.E.2d 1020 (3d Dist. 1992).

{¶8} "Upon review of a speedy-trial issue, a court is required to count the days of delay chargeable to either side and determine whether the case was tried within applicable time limits." *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 8.

> The computation of time for criminal statutes is governed by Crim.R. 45, which provides, '[i]n computing any period of time prescribed * * * by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included * * *.'

*State v. Shafer*, 3d Dist. Logan No. 8-14-28, 2015-Ohio-2469, ¶ 12, quoting Crim.R. 45. "If any ambiguity exists," the reviewing court is to "construe the record in favor of the accused." *Shafer* at ¶ 12.

Legal Analysis

{¶9} On appeal, Sessom raises speedy trial arguments based upon R.C. 2945.71, *et seq.* As a general matter, "a defendant [who] enters a plea of guilty as a part of a plea bargain * * * waives all appealable errors which may have occurred, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea." *State v. Kitzler*, 3d Dist. Wyandot No. 16-02-06, 2002-Ohio-5253, ¶ 12. For this reason, "a guilty plea waives the defendant's right to challenge his or her conviction on statutory speedy trial grounds." *State v.*

*Watson*, 2018-Ohio-4971, 126 N.E.3d 289, ¶ 4 (1st Dist.).[1]  *See State v. Kelley*, 57 Ohio St.3d 127, 130, 566 N.E.2d 658 (1990).

**{¶10}** However, even if he had not waived his speedy trial rights, the record contains no indication that Sessom's statutory speedy trial rights were violated.  *See State v. Mize*, 2022-Ohio-3163, 195 N.E.3d 574, ¶ 37 (2d Dist.); *State v. Jones*, 2019-Ohio-783, 132 N.E.3d 1254, ¶ 13 (8th Dist.); *State v. Luttrell*, 12th Dist. Warren No. CA2021-07-062, 2022-Ohio-1148, ¶ 11. In this case, Sessom was charged with four felonies, giving the State two hundred seventy (270) days of speedy trial time under R.C. 2945.71(C)(2).  Further, Ohio's triple count provision in R.C. 2945.72(E) is applicable because Sessom was held in jail for the entire period in which this case was pending.

**{¶11}** On September 14, 2022, Sessom was arrested.  He was then arraigned on September 16, 2022.  At his arraignment, Sessom requested a continuance until September 19, 2022.  Under R.C. 2945.72(H), the accrual of speedy trial time is tolled when the accused requests a continuance.  *See Flynn*, *supra*, at ¶ 12.  In between September 14, 2022 and September 16, 2022, six (6) days of speedy trial time accrued.

[1] While a general agreement exists as to whether a guilty plea waives *statutory* speedy trial challenges on appeal, the appellate districts in our state have reached different conclusions about the extent to which a guilty plea waives *constitutional* speedy trial challenges on appeal. *Watson*, *supra*, at ¶ 6; *State v. Mize*, 2022-Ohio-3163, 195 N.E.3d 574, ¶ 34-35 (2d Dist.); *State v. Glanton*, 6th Dist. Wood No. WD-18-091, 2020-Ohio-834, ¶ 21-23.  However, Sessom does not base any of his arguments on the constitutional standard governing speedy trial challenges.  For this reason, we need not—and do not—reach a conclusion as to whether a guilty plea waives a constitutional speedy trial challenge on appeal.

{¶12} On September 19, 2022, Sessom appeared before the trial court with his counsel. He then filed a discovery request on November 21, 2022. A defendant's "demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)." *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, ¶ 26. In between September 19, 2022 and November 21, 2022, one hundred eighty-nine days (189) of speedy trial time accrued, bringing the total amount of speedy trial time to one hundred ninety-five (195) days.

{¶13} On November 23, 2022, the State filed a response to Sessom's discovery request. At a pretrial conference on November 29, 2022, Sessom requested a continuance. The trial court granted this request, continuing the pretrial conference until January 11, 2023. *See also State v. Brown*, 10th Dist. Franklin No. 19AP-40, 2019-Ohio-4753, ¶ 34. In between November 23, 2022 and November 29, 2022, eighteen (18) days of speedy trial time accrued, bringing the total amount of speedy trial time to two hundred thirteen (213) days as of January 11, 2023.

{¶14} On January 11, 2023, the parties appeared at the final pretrial conference. At this hearing, defense counsel indicated that Sessom believed she was being "unethical and violating his rights." (Tr. 13). Since the attorney-client relationship had broken down, the trial court appointed a new attorney for Sessom. As the trial was set to occur on January 30, 2023, the trial court decided to have another pretrial conference on January 20, 2023 to determine if Sessom's new attorney could proceed to trial as scheduled. Since Sessom's lack of counsel caused

delay, no speedy trial time accrued in between January 11, 2023 and January 20, 2023, leaving the total amount of speedy trial time at two hundred thirteen (213) days.

{¶15} On January 20, 2023, Sessom appeared with his new attorney at the continued final pretrial hearing. On February 6, 2023, Sessom filed a motion to vacate the trial date.[2] In this motion, defense counsel noted that he had "just been appointed on January 11, 2023." (Doc. 23). He further stated that "[d]iscovery in this case is voluminous" and that "additional time is needed to prepare for trial." (Doc. 23). The trial court then granted this motion. In between January 20, 2023 and February 6, 2023, fifty-one (51) days of speedy trial time accrued, bringing the total amount of speedy trial time to two hundred sixty-four (264) days.

{¶16} The trial court then scheduled a trial for April 13, 2023. However, on March 28, 2023, Sessom filed a motion to vacate the trial date and sought to hold a change of plea of hearing instead. The trial court then granted this motion. Since the trial date was moved to April 13, 2023 to accommodate Sessom's change of attorneys, we conclude that no speedy trial time accrued after Sessom filed his February 6, 2023 motion to vacate the trial date. *State v. Watkins*, 3d Dist. Allen

---

[2] The trial was scheduled to occur on January 30, 2023, but for some reason, the motion to vacate this trial date was not filed until February 6, 2023. We suspect that the motion to vacate was filed pursuant to an understanding that was reached at the January 20, 2023 pretrial conference. *See State v. Christian*, 7th Dist. Mahoning No. 12 MA 164, 2014-Ohio-2590, ¶ 11. However, since we do not have a transcript of the January 20, 2023 pretrial conference, we cannot confirm this suspicion. Accordingly, for the sake of this analysis, we will simply count the time between the pretrial conference on January 20, 2023 and the motion to vacate on February 6, 2023 as accruing against the State for speedy trial purposes.

No. 1-18-32, 2018-Ohio-5055, ¶ 16; *State v. Smith*, 4th Dist. Lawrence No. 16CA10, 2017-Ohio-7864, ¶ 29. This leaves the total amount of speedy trial time that accrued in the case at two hundred sixty-four (264) days.[3]

**{¶17}** In conclusion, April 13, 2023—the date on which his trial was scheduled and on which he ultimately pled guilty—fell within the speedy trial timeframe allotted for felonies. Thus, even if Sessom had not waived his right to raise a statutory speedy trial challenge on appeal by pleading guilty, we have considered this issue and conclude that his arguments fail to demonstrate that the trial court erred by denying his motion to dismiss on speedy trial grounds or that his statutory speedy trial rights were violated. Accordingly, the first assignment of error is overruled.

*Second Assignment of Error*

**{¶18}** Sessom argues that he was denied his right to the effective assistance of counsel because defense counsel did not renew the previously-denied motion to dismiss on speedy trial grounds.

---

[3] In opposing Sessom's motion to dismiss, the State also argued that Sessom failed to respond to discovery requests and argues that this failure constituted yet another tolling event in this case. Doc. 26, citing *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, paragraph one of the syllabus. Among other things, this issue is complicated by the fact that Sessom had three separate attorneys appointed for him during the course of this case. Accordingly, we have decided not to address this issue as this case was resolved within the required timeframe regardless of whether Sessom's failure to respond to discovery requests would operate to further reduce the amount of speedy trial time that had accrued against the State.

Legal Standard

**{¶19}** Ohio law presumes that the representation provided by a licensed attorney is competent. *State v. Passmore*, 3d Dist. Hancock No. 5-22-39, 2023-Ohio-3209, ¶ 53. For this reason, the burden of establishing an ineffective assistance of counsel claim rests on the appellant. *State v. Cartlidge*, 3d Dist. Seneca No. 13-19-44, 2020-Ohio-3615, ¶ 39. The appellant must establish (1) that trial counsel's performance was deficient and (2) that such performance prejudiced the Defense. *State v. Dendinger*, 3d Dist. Seneca No. 13-23-11, 2023-Ohio-4255, ¶ 24.

**{¶20}** To establish deficient performance, the appellant must demonstrate that trial counsel's representation was not objectively reasonable and made errors of such seriousness that he or she was not functioning as the counsel guaranteed by the Constitution. *State v. Lloyd*, 171 Ohio St.3d 353, 2022-Ohio-4259, 218 N.E.3d 737, ¶ 16. The failure of trial counsel to file a meritless motion does not constitute deficient performance. *State v. Corchado*, 2017-Ohio-4390, 93 N.E.3d 150, ¶ 21 (7th Dist.). To establish prejudice, the appellant must demonstrate that, in the absence of counsel's ineffectiveness, a reasonable probability exists that the outcome of the proceeding would have been different. *State v. Berry*, 3d Dist. Union No. 14-20-05, 2021-Ohio-1132, ¶ 122.

Legal Analysis

**{¶21}** In general, a guilty plea "waives a claim of ineffective assistance of counsel, except to the extent the defects complained of caused the plea to be less

than knowingly and voluntary." *State v. Green*, 3d Dist. Marion No. 9-20-30, 2021-Ohio-4249, ¶ 29, quoting *State v. Street*, 3d Dist. Hancock No. 5-98-09, 1998 WL 682284, *2 (Sept. 30, 1998). Following this logic, courts have held that a guilty plea usually waives ineffective assistance of counsel claims that are rooted in statutory speedy trial issues. *State v. Bateman*, 4th Dist. Jackson No. 19CA13, 2021-Ohio-57, ¶ 9-10; *State v. McCauley*, 5th Dist. Licking No. 16-CA-93, 2017-Ohio-4373, ¶ 23; *Jones*, *supra*, at ¶ 11-12; *Luttrell*, *supra*, at ¶ 9. *See also State v. Johnson*, 2d Dist. Greene No. 2013-CA-1, 2013-Ohio-4077, ¶ 5; *State v. Matland*, 7th Dist. Mahoning No. 09-MA-115, 2010-Ohio-6585, ¶ 17.

**{¶22}** On appeal, Sessom argues that his trial counsel was ineffective for failing to renew his motion to dismiss on speedy trial grounds. Even if his guilty plea did not waive this ineffective assistance of counsel claim, we have already concluded under the first assignment of error that his speedy trial rights were not violated. For this reason, he cannot establish that trial counsel performed deficiently by failing to make a meritless motion to dismiss. *State v. Brown*, 12th Dist. Clermont No. CA2018-05-027, 2018-Ohio-4939, ¶ 11. He also cannot establish that the outcome of this proceeding would have been different if trial counsel had raised statutory speedy trial arguments before the trial court that have since failed on appeal. *Jones*, *supra*, at ¶ 47. Since he has not carried the burden of establishing that his trial counsel was ineffective, his second assignment of error is overruled.

*Third Assignment of Error*

**{¶23}** Sessom asserts that the Crim.R. 11 colloquy was deficient because he was not informed that a guilty plea waived his right to a speedy trial or his right to raise a speedy trial challenge on appeal.

Legal Standard

**{¶24}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450, 451 (1996). "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *Id.* "Crim.R. 11(C)(2) directs trial courts to engage in a colloquy with a defendant before accepting a guilty or no contest plea in a felony case." *State v. Wallace*, 3d Dist. Henry No. 7-23-04, 2023-Ohio-3014, ¶ 6. This colloquy is designed to ensure that a plea is knowingly, intelligently, and voluntarily made. *State v. Phipps*, 2021-Ohio-258, 167 N.E.3d 576, ¶ 6 (3d Dist.).

**{¶25}** In general, "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 16. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476 (1990). However, the Ohio Supreme Court has delineated two exceptions to this general rule. *Dangler* at ¶ 16.

> First, 'a trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice.' *Dangler* at ¶ 15. Second, '[w]hen a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest' as required by Crim.R. 11(C)(2)(c), the defendant's plea is presumed to have been 'entered involuntarily and unknowingly, and no showing of prejudice is required.' *Id.* at ¶ 14.

*State v. Caudill*, 3d Dist. Wyandot No. 16-23-03, 2023-Ohio-3843, ¶ 7. The Ohio Supreme Court has explained the analysis of an appellate challenge based upon Crim.R. 11(C)(2) as involving three main questions: "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Dangler* at ¶ 17.

## Legal Analysis

**{¶26}** Sessom argues that the Crim.R. 11 colloquy was deficient since the trial court did not mention his right to a speedy trial while listing the constitutional rights that he would waive by entering a plea of guilty. The Ohio Supreme Court has held that a trial court must "advis[e] a defendant of all five constitutional rights listed" in Crim.R. 11(C)(2)(c) during a plea colloquy. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 22. These five constitutional rights are:

> (1) the Fifth Amendment privilege against self-incrimination, (2) the right to a jury trial, (3) the right to confront accusers, (4) the right to

the compulsory process of witness, and (5) the right to be proven guilty beyond a reasonable doubt.

*State v. Howard*, 3d Dist. Logan Nos. 8-17-01, 8-17-09, 2017-Ohio-8020, ¶ 20. "[T]he language of * * * Crim.R. 11(C)(2)(c) "supports the conclusion that the list of cited rights was intended to be exclusive" and does not "indicat[e] that the trial court is obligated to inform the defendant of other constitutional rights." *State v. Phillips*, 2020-Ohio-2785, 154 N.E.3d 484, ¶ 12 (3d Dist.), quoting *State v. Stewart*, 11th Dist. Ashtabula No. 2010-A-0026, 2011-Ohio-2582, ¶ 20.

**{¶27}** The constitutional right to a speedy trial is not listed in Crim.R. 11(C)(2)(c). Thus, courts have indicated that a trial court is not obligated by Crim.R. 11(C)(2)(c) to include an advisement on a defendant's right to a speedy trial in a plea colloquy. *State v. White*, 6th Dist. Erie No. E-10-061, 2011-Ohio-5946, ¶ 13; *State v. Cruz-Ramos*, 2019-Ohio-779, 132 N.E.3d 170, ¶ 14-15 (7th Dist.); *State v. Ulatowski*, 11th Dist. Geauga No. 2019-G-0021, 2020-Ohio-862, ¶ 23. *See also State v. Goddard*, 3d Dist. Wyandot No. 16-06-05, 2007-Ohio-1229, ¶ 14.

**{¶28}** On appeal, Sessom does not identify any legal authority that would suggest Crim.R. 11(C)(2)(c) requires a trial court to inform a defendant that a guilty plea waives the right to a speedy trial. Further, he concedes in his brief that the trial court advised him of the five constitutional rights listed in Crim.R. 11(C)(2)(c). Appellant's Brief, 16. For these reasons, we conclude that Sessom has failed to

establish that the trial court did not fully comply with Crim.R. 11(C)(2)(c). Thus, his first argument is without merit.

**{¶29}** Next, Sessom argues that he was not made aware that a guilty plea would waive his right to raise a statutory speedy trial challenge on appeal. Again, he has failed to cite any legal authority that would suggest that trial courts are required to provide such a notification before accepting a guilty plea. "Ohio courts have specifically held that a court's failure to inform a defendant that his guilty plea would waive a speedy trial violation issue on appeal did not render the plea involuntary." *State v. Turski*, 6th Dist. Lucas No. WD-18-091, 2019-Ohio-3604, ¶ 10. *State v. Snyder*, 7th Dist. Mahoning No. 03 MA 152, 2004-Ohio-3366, ¶ 15-17; *State v. Chiles*, 8th Dist. Cuyahoga No. 103719, 2016-Ohio-1225, ¶ 13; *State v. Wilson*, 11th Dist. Trumbull No. 2015-T-0082, 2017-Ohio-502, ¶ 54; *State v. Childs*, 12th Dist. Butler No. 2009-03-076, 2010-Ohio-1814, ¶ 9.

**{¶30}** Sessom also concedes that, during the change of plea hearing, the trial court indicated that a guilty plea would limit the grounds on which he could challenge his conviction on appeal. Further, under the first assignment of error, we did consider Sessom's statutory speedy trial arguments and concluded that the record contained no indication that his speedy trial rights were violated. For these reasons, we conclude that Sessom has failed to establish that the trial court erred by not informing him that a guilty plea would waive his right to raise a statutory speedy trial challenge on appeal. Thus, his second argument is without merit.

Case No. 4-23-10

**{¶31}** In conclusion, the record establishes that the trial court complied with Crim.R. 11(C)(2)(c). Sessom has not identified a deficiency in the Crim.R. 11 colloquy or raised an argument that could otherwise establish that his guilty plea was not made knowingly, intelligently, and voluntarily. The third assignment of error is overruled.

*Conclusion*

**{¶32}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of Defiance County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**WALDICK and ZIMMERMAN, J.J., concur.**

**/hls**